MANDEGO v. THE CENTENNIAL MUTUAL LIFE ASSOCIATION.

1. **Life Insurance:** CONTRACT: APPLICATION AND POLICY READ TO-GETHER. Where a policy of life insurance stated that it was issued and accepted in consideration of the agreements made in the application of the assured, and it was provided in the application that a failure to pay the annual dues should avoid the policy, *held* that the policy and application should be read together as constituting the contract, and that a failure to pay the annual dues as provided in the application rendered the policy void.

2. ————: PAYMENT OF ANNUAL DUES: WAIVER OF: FACTS NOT CONSTITUTING. Where by the contract of insurance the assured agreed to pay certain annual dues upon a day named in the policy, or forfeit the policy, but the contract did not require the company to give any notice to the assured to pay such dues, *held* that the fact that the company was accustomed to give such notice voluntarily did not bind it to continue to do so, and that its failure to do so in this case was not a waiver of the payment of such dues, nor of its right to declare the policy forfeited for their non-payment; (*Phœnix Mut. Life Ins. Co. v. Doster*, 106 U. S., 30, distinguished;) nor was the fact that the company notified the assured, *after* the time when the annual dues were payable, that an assessment had been made upon him to pay a loss caused by the death of a member who died *prior* to the date when the annual dues were payable, an admission that the assured was still a member of the association, and a waiver of the payment of the annual dues, and of the forfeiture caused by their non-payment.

Mandego v. The Centennial Mutual Life Association.

*Appeal from Des Moines District Court.*

WEDNESDAY, JUNE 11.

ACTION ON A LIFE INSURANCE POLICY. Trial by jury, verdict and judgment for the defendant, and the plaintiff appeals.

*A. M. Antrobus* and *Wm. Corse McArthur*, for appellant.

*Newman & Blake*, for appellee.

SEEVERS, J.—The policy states that it was issued "in consideration of the representations and agreements made in the application therefor, and the sum of fourteen dollars in hand paid, and the further sum of three dollars and fifty cents to be paid on the first day of October in each year hereafter." It is further stated in the policy that it is "issued by the association and accepted by the assured upon the following express conditions and agreements." There is no provision in the policy providing that a failure to pay the annual dues on the first day of October in each year should render the policy void, or that by reason of such non-payment a forfeiture would occur. But the application upon which the policy was issued contains the following provisions:

"It is hereby expressly stipulated and agreed that, if a policy shall be issued on the above application, the dues and assessments required in said policy shall be paid according to the agreements therein made. And it is hereby further expressly stipulated and agreed that the above application and this declaration shall form the basis and consideration of the policy issued to the above named applicant by the Centennial Mutual Life Association; and that, if any misrepresentation or fraudulent and untrue answers have been made, or if any facts which should have been stated have been suppressed, or if the applicant should become so far intemperate as to permanently impair the health, or should death result from

suicide, or if any omission or neglect to pay any of the dues or assessments on or before the days on which they shall be due shall take place, then, and in either event, the said policy shall become null and void, and all money which shall have been paid shall be forfeited."

The defendant pleaded that because of the non-payment of the annual dues, which by the terms of the policy were payable annually on the first day of October in each year, the policy became null and void. There is no pretense that such payment was made; but the plaintiff insists that the policy did not become void by reason of such non-payment, and that such provision had been waived by the defendant, and that no notice of the forfeiture of the policy had been sent the assured.

I.   Counsel for the appellant insist that the application is not a part of the policy, and that, as the latter does not provide that it will become void on the non-payment

*1. LIFE insurance: contract: application and policy read together.* of the annual dues, no forfeiture was incurred by the failure to pay as provided. In addition to what is above set forth, it is stated in the policy that, if any of the statements or declarations in the "application for this policy, and upon the faith of which it is issued, shall be found in any respect untrue, then the policy shall be void."

The policy, as we have seen, was issued in consideration of the statements made in the application, and the application states that it forms the basis and consideration upon which the policy was issued, and that a neglect to pay the annual dues shall render the policy void. We think these two papers should be read together, in order to ascertain what the contract between the parties is. The policy is based on the application. But for the latter the policy would never have been issued. Life insurance companies could not exist for any length of time, and comply with their contracts, if the prompt payment of dues and assessments could be evaded, or the payment thereof delayed. It is common and usual to

provide that, if dues and assessments are unpaid, the policy shall be null and void. There is no escaping the conclusion, we think, that this policy became void by reason of the non-payment of the annual dues, if the application is a part of the policy. That the parties contracted upon the belief that it was, we have no doubt.

The language of both the application and policy, in our opinion, leave no room for serious doubt as to the question. Counsel for the appellant cite and mainly rely on *Miller v. The Mutual Benefit Life Insurance Company*, 31 Iowa, 216. In that case the application was held to be a part of the policy. The reference to the application or declaration in that case was not more certain, direct and positive than in the case at bar. As the application is a part of the policy, it makes no difference in what part of either paper the condition is found which renders the policy void. It may be found partly in one and partly in the other. The two papers, when read together, form the contract. The rights of the parties in no other way can be ascertained. Because of the non-payment of the annual dues, the plaintiff cannot recover, unless the provisions of the contract have been waived by the defendant.

II. the claim that there was a waiver of the conditions of the policy is based on the following propositions: *First,* That fifteen days before the annual dues were payable according to the terms of the policy, the defendant caused a notice to be sent to the assured, reminding her of the day when such dues became payable. Conceding that this had been the custom of the defendant, it was a voluntary act on its part, and was not required by the terms of the policy.

2. ——: payment of annual dues: waiver of: facts not constituting.

The obligation to pay the annual dues on a named day was as positive as if the assured had given her promissory note to that effect. The fact that the defendant voluntarily sent such notice to the persons insured, and that, in this instance, it was, as is claimed, negligent in sending the notice to the

proper place, cannot amount to a waiver of the conditions of the policy.

III. It is insisted, *Second*, That the condition of the policy as to payment of the annual dues was waived, because in two previous years the defendant received the dues after the day named in the policy. On one of these occasions the receipt was dated or stamped one day after the payment became due, and the other fifteen days after that time. It is, however, shown in evidence that, when the defendant received the money sent in payment of assessments and dues in the form of a post-office order or draft, the order or draft was dated prior to the day the dues were payable, although not received until afterwards. We do not think that this can amount to a waiver. It only amounts to a custom, on which, possibly, the assured had a right to rely, of postponing prompt payment for a time.

The company did not intend to waive the payment of the annual dues entirely, or for all time. Now, in the present case, the dues never were paid or tendered—giving the plaintiff the utmost benefit of the evidence—until long after he was advised that the defendant would insist that the policy became void because of the failure to pay said dues. We are of the opinion that, under the undisputed facts, the plaintiff is not entitled to recover, and, therefore, the court did not err in directing the jury to find for the defendant.

AFFIRMED.

SUPPLEMENTAL OPINION.

PER CURIAM. In reply to a petition for a rehearing, we desire to say that we have re-examined the whole record, and reach the conclusion that the first proposition in the foregoing opinion is correct. We do not deem it necessary to state any additional reasons in its support. It is urged that we misapprehended the position of counsel in stating what he claimed in the second division of the opinion. Counsel say: "We claimed that the company had been in the habit

THE SAME.

of giving the assured notice of the time when the annual dues would be due, and had failed to give such notice for the year 1880; not that the company was negligent in sending to the proper place."

The only difference between this statement and the opinion is, that the latter makes no reference to the *habit* of the company in sending such notices, and refers alone to the notice sent in 1880; and it is insisted that the conclusion reached is erroneous and in conflict with *Phœnix Mutual Life Ins. Co. v. Doster*, 106 U. S., 30. In that case, the controversy was in relation to the annual assessments, which, we believe, are required to be paid by a day certain, but the assured does not know the amount required. It is not the same every year, and the assured does not know the amount he is entitled to as dividends due, which he has the right to deduct from the amount payable under the policy. Now, if the company sees proper to delay sending such notices, and induces the assured to believe a forfeiture will not be insisted upon, we can readily see why it should not be permitted to insist upon a forfeiture. We have no such case. As is said in the opinion, the amount due was payable at a day certain, and the amount was fixed and known. The sending of the notice was purely a voluntary act.

It is insisted that an assessment was made on the fifteenth day of October, and notice sent the assured, which she never received, and that such assessment was made after the annual dues were payable. It is claimed that this assessment constitutes a waiver, because the company must have regarded the assured as a member of the company.

The policy provides that when a death occurs an assessment shall be made on the members to pay the loss, and the amount payable depends upon the number of members, and so does the amount assessed on each. In other words, the defendant agreed in no event to pay more than a named sum, which might be reduced, because there might not be sufficient funds realized to pay the whole sum. The assessment in·

question was made to pay death losses which had accrued prior to the forfeiture for non-payment of the annual dues. The assured, under the terms of the policy, was bound to pay her share of such losses, and should not be permitted to escape doing so by allowing a forfeiture to take place. At least such is our inclination. But, whether this is so or not, we think the company, as agent of the policy holders, was bound to make some effort to collect the assessment, and that the forfeiture was not waived thereby. The former opinion is adhered to.