SERVOSS v. THE WESTERN MUTUAL AID SOCIETY.

1. **Life Insurance:** DEFAULT IN PAYMENT OF ANNUAL DUES AND ASSESSMENTS: WAIVER OF DEFAULT AND RESTORATION OF POLICY: FACTS NOT CONSTITUTING. Plaintiff's husband held a life policy for her benefit in the defendant company, but certain assessments and dues were overdue Dec. 7, 1882, whereby the policy was forfeited, when defendant's secretary wrote him, in substance, that if he would remit immediately he would send receipt without default. Remittance was not then made, but on the 25th of that month plaintiff's husband was taken sick, and on the 31st of the month he died. On the 30th, however, at his request, the plaintiff remitted the money, and it was received at defendant's office January 1st, and receipts were returned in printed form, each containing the provision that it should be valid only

on condition that the assured was alive and in good health on the day of its date; but there was *written*, in the hand of the secretary, on the margin of each receipt the words "no default." After defendant was informed of the death of the assured, it returned the money to plaintiff. *Held*—

   (1) That, because remittance was not made immediately upon receipt of the letter of Dec. 7, the offer therein contained to waive the default was at an end.

   (2) That, since the assured was not alive at the date of the receipts, the receipts were invalid by their own terms. The written words "no default" not being repugnant to the printed conditions of the receipts, they are to be construed in connection therewith; and the true meaning is that there should be no default provided the assured was alive and in good health at the time of their date.

## *Appeal from Polk Circuit Court.*

### Tuesday, October 6.

Action on a life insurance policy. Judgment for plaintiff, and defendant appeals.

*W. E. Miller, W. S. Dungan* and *William Kennedy,* for appellant.

*Wright, Baldwin & Haldane,* for appellee.

Reed, J.—The cause was submitted in the circuit court on an agreed statement of facts, by which it was shown that defendant is a mutual association, organized for the purpose of insuring the lives of its members, and on the tenth day of June, 1882, it issued to George Servoss, who was plaintiff's husband, a certificate of membership, by which it bound itself, in consideration of the payment by him of an admission fee of twelve dollars, and the payment on the first day of December of each year of a further sum not exceeding five dollars, and the payment on or before maturity of such benefit assessments as might be legally levied by its executive committee, to pay to plaintiff, on his death, the proceeds of one full assessment at schedule rates upon all contributing members of the association, not exceeding $2,000. Said cer-

tificate contained the following provisions, viz.: "This certificate shall be void—*First*, if any assessment is not received at the Des Moines office within thirty days from date thereof; *Second*, in case annual dues are not paid on or before the day when due, as above stated.  *  *  *  Any member whose certificate has become void from non-payment of dues or assessments may have said certificates restored from date of payment of such delinquent dues or assessments, by paying them up in full, and furnishing the society with a certificate of good health, providing such certificate be first approved by the medical director."

On the seventh day of December, 1882, there was due from said George Servoss to defendant the sum of five dollars annual dues, payment of which had matured on the first of December, and the further sum of four dollars and sixty cents for two benefit assessments, which had been legally levied by defendant's executive committee prior to that date, and on that day (December 7th) defendant's secretary wrote and mailed the following letter to said George Servoss: "The current year's annual dues of yourself and Emma L. Servoss, No. 4,983, have not been received at this office. Supposing this simply an oversight on your part, we remind you of the fact, and add that, if remittance be immediately sent us to cover the above ten dollars, we will send receipt without default." On the twenty-fifth day of December Servoss was taken sick, and so continued until the thirty-first of that month, when he died. On the thirtieth, plaintiff, at the request of her husband, remitted the amount of said dues and assessments to defendant by mail, and it was received at its office in Des Moines on the first of January, the day after plaintiff's husband died, and on the same day defendant's secretary, without any knowledge of his sickness or death, mailed to Servoss' address receipts for said money. One of these receipts acknowledged the payment by him of the amount of the annual dues, and the other of the amount of the assessments. On the margin of each the words "no

default " were written in the handwriting of the secretary, and each contained the provision that if it was dated after the maturity of the dues and assessments it should be valid only on condition that said Servoss was alive and in good health on the day of its date. After it was informed of the death of her husband, defendant returned said amounts to plaintiff. The parties are agreed that by its terms the policy or certificate becomes void upon a failure to pay the annual dues or benefit assessments at the time therein specified, and that plaintiff has no ground of recovery, unless defendant has waived the forfeiture on account of the failure of George Servoss to pay the annual dues on the first of December, 1882.

Plaintiff's position is that the letter of December 7th is an offer by defendant to restore the policy, which had become void because of the failure to pay the annual dues on the first of the month, upon the single condition that Servoss would then remit the amount of said dues, and that it thereby waived the provision of the policy, which requires the furnishing of a certificate of good health, which should be approved by the medical director, as a condition to the restoration of a policy which had become void, and that the remittance of the money on the 30th was an acceptance by him of this offer, and that the policy was restored from that time, regardless of the condition of his health at that time. And this position has been skillfully presented and persistently urged by her counsel. In our opinion, however, it cannot be maintained. It may be conceded that the letter of December 7th was an offer by defendant to waive the forfeiture of the policy on the single condition that Servoss would remit the amount of the dues. And it may be true, also, that if he had acted on this offer at once, and remitted the amount, the policy would have been restored, even though at the time he had been dangerously sick. But it was not a continuing offer. It is presumed to have been made in view of the then existing circumstances affecting the risk, and it

is made an express condition of the offer that the amount of the dues be immediately remitted. The letter cannot be construed as an offer to accept the money in twenty-three days and restore the policy regardless of any changes which may have occurred in the mean time in the circumstances affecting the risk.

It is contended, however, that defendant accepted and treated what was in fact done by Servoss as a compliance by him with the offer, and that it cannot for that reason be heard now to assert that its offer was not accepted by him. The receipts which defendant issued when it received the money afford the only evidence of the manner in which it treated what had been done by Servoss. These receipts, as stated above, each contain a provision to the effect that it should be valid only on condition that Servoss, on the day on which they were given, was alive and in good health. They were on printed forms, and defendant's secretary, before they were mailed to Servoss, wrote on the margin of each the words "no default," and it is contended that these words are repugnant to the condition quoted above, and that, as they are in writing, while the other condition is part of the printed form, force should be given to them, while it should be rejected in construing the instrument, and that, when construed according to this rule, the receipt announces an intention by defendant to restore the policy on the single condition that the money had been paid. If the written and printed conditions of the instrument are repugnant or inconsistent, the former are to control. Code, § 3651. We think, however, that there is no such repugnancy or inconsistency between the printed and written portions of this instrument as requires us to reject either. The secretary, in filling out the form, added the writing on the margin, while he deliberately permitted the provision to remain in the body of the instrument. The presumption is that he intended that effect should be given to each, and we think both should be considered in giving a construction to it; and it evidences, when

both provisions are considered, an intention by defendant to restore the policy, notwithstanding the forfeiture which the failure to pay the dues on the first of December had caused, provided Servoss was then alive and in good health. This latter provision was not a condition of the offer contained in the letter of December 7th, and the receipt of the money upon that condition was clearly not an acceptance of the payment of it at that time as a compliance by Servoss with the terms of the offer. When the money was transmitted, the defendant was under no obligation to accept it or to restore the policy. It might, however, designate other conditions upon which it would waive the forfeiture. In the exercise of its right in that respect, it made the provision embodied in the receipt a condition to the restoration of the policy.

We think, upon the facts, the forfeiture was not waived. The judgment will be reversed, and the circuit court will be directed to enter judgment for defendant.

REVERSED.