AT

## DAVENPORT, APRIL TERM, A. D. 1886,

IN THE THIRTY-NINTH YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,
" JAMES H. ROTHROCK, } JUDGES.
" JOSEPH M. BECK.

---

CARPENTER v. THE CENTENNIAL MUTUAL LIFE ASS'N.

1. **Life Insurance:** FORFEITURE BY NON-PAYMENT OF DUES: ACT OF GOD AS EXCUSE. The policy in question was forfeited by its terms on account of the failure to pay the annual dues therein agreed to be paid, at the time when the same were due. Besides the provision in the policy for the payment of such dues, the company mailed to the assured timely notice that such dues must be paid by the day named in the policy, but when such notice was received the assured was sick, and so continued up to the time of his death, which occurred after the dues were payable, and at no time was he able, on account of his delirious condition, to give attention to the notice, or to transact any business. *Held* that the fact did not present a case of impossibility of performance caused by the act of God, and did not so excuse the non-payment of the dues as to avoid a forfeiture of the policy.

68 453
86 285

*Appeal from Des Moines Circuit Court.*

TUESDAY, APRIL 6.

THIS is an action in chancery on a policy of insurance upon the life of Henry L. Carpenter. Plaintiff is his widow, and prays that defendant may be required to make assessments upon holders of its policies to pay the amount insured upon he life of her deceased husband, as provided for in the policy. The defendant, as a defense to the action, alleges that when the assured died he had made default in the payment of an assessment which, under a condition of the policy, rendered it void. The cause was tried upon an agreed statement of facts, and a decree was entered dismissing plaintiff's petition. She now appeals to this court.

*Stow, Hammond & Day*, for appellant.

*Newman & Blake*, for appellee.

BECK, J.—I. The agreed statement of facts upon which the case was tried is in the following language: "(1) The plaintiff was the wife of Henry L. Carpenter at the date of his death. (2) On the twenty-second day of May, 1883, the defendant association issued the policy declared upon, insuring the life of Henry L. Carpenter. (3) The insured, in his life-time, had not been liable to pay any assessments or dues, except the $5 dues which fell due December 1, 1883. (4) The plaintiff had no knowledge of the condition of said insurance, or that the dues became delinquent December 1, 1883, until after the burial of the insured, December 9, 1883. (5) In the fall of 1883 the said Henry L. Carpenter was taken sick, and on the twelfth day of November, 1883, he went to bed with typhoid fever, and after the seventeenth or eighteenth of November, 1883, he had no conscious understanding of anything whatever, because of his delirious con dition. (6) The life insured expired on the eight day of

December, 1883. (7) During the last illness of the said insured his business, mail and correspondence were kept from him by direction of his physician, but plaintiff at once forwarded the dues after she discovered, on December 9, 1883, that they were delinquent; and the defendant refused to receive the same, claiming that the policy had lapsed for nonpayment of said annual dues on or before December 1, 1883. (8) The policy was in custody of the assured continually from its date to the time of his death, and the date when said annual dues were payable is therein fixed and definitely named. (9) The notice sent by the defendant, reminding him that, by the conditions of his policy, his annual dues of five dollors were due and payable December 1, 1883, was duly mailed to the assured on the fifteenth of November, 1883, properly addressed, directed and forwarded, and reached said assured in due course of mail, about November 17, 1883, but for the reasons heretofore set forth he never saw it or knew of its receipt. (10) Proof of loss was duly made December 22, 1883, and demand that an assessment be made as provided in the policy sued on, and the company declined and refused to make the same for the sole reason that said policy was void and had lapsed by the failure to pay the annual dues of five dollars on or before December 1, 1883. (11) No person other than the plaintiff is interested in the subject-matter of this action."

II. Counsel for plaintiff insists that the obligation of the assured to pay the assessment was a condition subsequent, the non-performance of which was excused by the unconsciousness and delirium of the assured, which is to be regarded as the act of God. It is urged by the counsel that, as it became impossible for the assured to pay his insurance by reason of the visitation of God, the policy did not become forfeited.

III. It is a familiar rule that, when the performance of a contract becomes impossible by the act of God, the obligor is excused, and his rights under the contract are not for-

feited. We presume that the rule contemplates cases of absolute impossibility to perform contracts; as in the case of the destruction of property which the obligor undertook to deliver, and as the closing of a river with ice upon which the obligor undertook to sail a vessel to be delivered at a port situated on the river. In such cases the obligors could not have performed the conditions of the contract, nor could they have been performed for the obligors by others. Neither could the obligors, by the exercise of foresight and care, have provided against the effects of the act of God, which destroyed the subject of the contract or the sole means of its performance. But there was no such impossibility of performing the contract in this case. It is true, it was impossible for the assured at the time required therein to perform it; but he could have provided for its performance beforehand, and those of his family about him could have performed it for him. The fact that the plaintiff did not know of the existence of the policy before her husband's death does not change the case. Prudence and care on the part of assured would have prompted him to prepare for the payment of the assessment upon the day it became due, and to inform his wife of his contract, and his obligation to perform it at the time therein prescribed. We reach the conclusion that the facts of the case do not constitute grounds for excusing the non-performance of the contract of the assured, and do not present a case of impossibility of performance caused by the act of God. Our conclusions are supported by the following cases: *Klein v. Insurance Co.*, 104 U. S., 88; *Thompson v. Insurance Co.*, Id., 252; *Wheeler v. Connecticut Mut. Life Ins. Co.*, 82 N. Y., 543. Other cases tending in the same direction could be cited.

IV. Counsel for the plaintiff cite many cases wherein it is held that the non-performance of contracts may be excused by the act of God, rendering performance impossible, but their facts distinguish them from the case at bar.

They cite other cases, wherein it is held that performance is excused by reason of the act of the government rendering performance impossible, and probably others which hold that performance will be excused when it becomes unlawful; but it is obvious that these decisions are not applicable to the case before us, and do not serve to elucidate the principles upon which it should be decided.

It is our opinion that the judgment of the circuit court ought to be

AFFIRMED.