BOSWORTH *et al.* v. THE WESTERN MUTUAL AID SOCIETY.

1. **Life Insurance: POLICY: CONSTRUCTION: FAILURE TO PAY ASSESSMENTS.** A certificate of membership in the defendant company provided that it should be void in case the amount of any assessment was not paid within thirty days from the date of notice thereof. *Held* that, in the absence of any language in the contract, or in the articles of incorporation or by-laws of the defendant, qualifying the meaning of the word "void," it could not be construed as meaning "voidable at the election of defendant."

2. ———: NON-PAYMENT OF ASSESSMENT: WAIVER: CUSTOM: EVIDENCE. In this case payment of the policy was resisted on the ground that the assessments had not been paid as therein required; and the court found that, though the defendant had sometimes accepted assessments after they were delinquent, it had no such general custom that the assured was justified in relying on it,—it appearing that he had no knowledge of such practice, except in a few instances in which his own assessments had been received after becoming delinquent. *Held* that such findings were not without support in the evidence, and could not be disturbed.

*Appeal from Polk Circuit Court.*—HON. J. H. HENDERSON, Judge.

FILED, OCTOBER 22, 1888.

ACTION of *mandamus* to compel the defendant to make an assessment on its members to pay a loss because of the fact that Drake S. Bosworth was a member of said society, and had deceased prior to the commencement of this action. Trial to the court, and judgment for the defendant. The plaintiffs appeal.

*C. C. & C. L. Nourse*, for appellants.

*Wm. Kennedy* and *W. E. Miller*, for appellee.

SEEVERS, C. J.—I. When the deceased became a member of the society he received a certificate of membership, which contains the following provisions: "This

certificate shall be void—*First*, if the amount of any assessment made on account of death benefits or the relief fund is not received at the Des Moines office within thirty days from the date of the notice thereof." The defendant pleaded that the deceased had failed to pay the amount of two death losses of which he had been notified for a longer period of time than above stated, and therefore the policy was void. As the appellants contend, the appellee assumed the burden of proving the non-payment of the assessments as pleaded by it, and further claim that the defendant failed to establish such issue. The court found as a fact that there was a "clear default in the payment of such assessments." This finding has the force and effect of a verdict, and therefore cannot be disturbed, unless the evidence, fairly considered, is insufficient to sustain it. Clearly there was such evidence. Not only so, we think the court could not have made any other finding than it did. It is fully sustained by the evidence.

II. Counsel for the appellants contend that the word "void" in the certificate of membership should be construed as "voidable," at the election

1. LIFE insurance: policy: construction: failure to pay assessments.

of defendant. We do not think this position can be sustained, and *Viele v. Germania Ins. Co.*, 26 Iowa, 57, does not sustain it, as counsel contend. The parties contracted that, if the deceased failed to pay the assessments within the time stated, the certificate should be void. The parties must have meant precisely what is said. There is nothing to construe. There is no other language in the contract or articles of incorporation or by-laws of defendant which has any material bearing on this question, or which qualifies or restrains the meaning of the word "void," as used in the certificate. The following cases sustain these views : *Mandego v. Centennial Mut. Life Ass'n*, 64 Iowa, 134; *Servoss v. Western Mut. Aid Soc.* 67 Iowa, 86.

III. In a reply the appellants pleaded a waiver of the non-payment of the assessments, and the court found

2. ——: non-pay-
ment of
assessment:
waiver: cus-
tom: evi-
dence.

that they had failed to establish such defense. This finding must be regarded as supported by the usual presumption which prevails in such cases, and we are not prepared to say that the finding of the court is not sufficiently sustained by the evidence. The material facts relied on as sustaining the theory that the finding is not sustained by the evidence is the following: When death losses occurred, and notices of assessments were sent to the members, and the same were not promptly paid, the defendant afterwards received the amount of the assessment, and regarded the person on whom the assessment was made as a member; that is to say, the defendant in each particular case waived the prompt payment of the assessment. Explanations were made by the officers of the defendant why this was done. Such explanations were regarded by the court as satisfactory. With such finding and conclusion we cannot interfere. Again, the question was whether the custom or usage of the defendant in this respect was so general and usual as to estop it from asserting that there was a forfeiture in this particular case. Here again the finding is against the appellants, and we cannot disturb it. The evidence does not tend to show that the deceased had knowledge of the custom of the defendant in this respect, if it can be so designated. The deceased paid twenty-three of such assessments. Four were received by the defendant from one to three days after maturity, and one five days. All the other payments made by him were prior to maturity. This constitutes the extent of his knowledge that the defendant waived prompt payment. The assessments in question were payable on the thirty-first day of March, 1885, and remained unpaid when Mr. Bosworth died, on May 11, 1888. We are of the opinion that the judgment of the circuit court must be                                                    AFFIRMED.