W. B. BROWN, Appellant, v. GRAND COUNCIL NORTHWESTERN LEGION OF HONOR *et al.*, Appellees.

Insurance: MUTUAL-BENEFIT ASSOCIATION : NON-PAYMENT OF DUES : FORFEITURE. A membership certificate in a mutual-benefit association provided for the payment of two thousand dollars to the beneficiary therein named, upon the death of the member, upon the condition, among others, that the member was in good standing at the time of his decease, which, under the constitution of the association, included the payment of dues of not less than one dollar per year, and fifty cents a year per degree of benefit held. No dues being paid under this certificate, the member was suspended, and subsequently died. After the member's decease, the beneficiary paid to the collector of the local council the amount of the

assessments and dues against the deceased, but the money so received was not paid to the council, and its receipt was unauthorized, and in violation of its constitution and by-laws. *Held*, that the association was not liable for the payment of the certificate.

*Appeal from Boone District Court.* — HON. S. M. WEAVER, Judge.

SATURDAY, OCTOBER 25, 1890.

MANDAMUS to compel defendants to make assessments for the payment of a benefit certificate issued by the Grand Council of the Northwestern Legion of Honor to William L. Brown, payable, in case of death, to his father, the plaintiff. There was a judgment for defendants. The plaintiff appeals.

*J. A. Gallaher* and *Timothy Brown*, for appellant.

*E. E. Alverson*, for appellees.

BECK, J.—I. The benefit certificate is in the following language :

" This certificate is issued to Companion W. L. Brown, a member of Ogden Council, number 52, Northwestern Legion of Honor, located at Ogden, Iowa, upon evidence received by said council that said companion is a second-degree contributor to the benefit fund of this order, and upon condition that the statement made by said companion in application for membership in said council, and the statements certified by said companion to the medical examiner, both of which are filed in the grand secretary's office, be made a part of this contract, and upon condition that the said companion complies in the future with the laws, rules and regulations now governing the said council and fund, or that may hereafter be enacted by the grand council to govern said council and fund. These conditions being complied with, the grand Council of the Northwestern Legion of Honor hereby promises and binds itself to pay, out of its benefit funds, to William B. Brown (father) a sum

not exceeding two thousand dollars, in accordance with, and under the provisions of, the laws governing said fund, upon satisfactory proof of the death of said companion, and upon the surrender of this certificate, provided that said companion is in good standing in this order at the time of death, and provided, also, that this certificate shall not have been surrendered by said companion, and another certificate issued, in accordance with the laws of this order. In witness whereof the grand council of the Northwestern Legion of Honor has hereunto affixed its seal, and caused this certificate to be signed by its grand commander, and also attested by, and recorded by, its grand secretary, at Marengo, Iowa, this eighth day of September, 1887."

Section 31, of the constitution governing subordinate councils of the Legion of Honor, is as follows: "Sec. 31. Each member shall pay as dues, to commence with the date of admission, such sums as may be prescribed in the by-laws, which shall not be less than one dollar per year, payable in semi-annual installments, in advance, on the last stated meeting in June and December, and, in addition thereto, the sum of fifty cents per year per degree of benefit held, the same being the tax due the grand council, and to be payable in semi-annual installments; and a member shall not be in good standing, unless such dues and *per capita* tax are so paid." It is shown by the evidence that the person to whom the certificate was issued failed to pay any dues prescribed by this provision of the constitution; and it is also shown that he paid no assessment. The evidence further establishes that he was suspended for non-payment of dues; that, subsequent to his default and suspension, he died.

II. Under the plain conditions of the certificate upon which this action is brought, no recovery can be had thereon. The deceased was not in good standing in the institution, and under the explicit condition of the contract he forfeited all rights under it, and his father, the beneficiary, cannot recover thereon. It is said that no assessments against the deceased, on

account of the death of members, were due at his death. If this be admitted, it does not help plaintiff ; for dues were payable as to which he made default before his death. It is shown that, after the death of his son, plaintiff paid to the collector for the local council the amount of assessments and dues against deceased. The money was not paid to defendants or either of them, and its receipt was not authorized, nor approved, nor sanctioned by either of them, and was not in accord with any provisions of their constitution or by-laws. The receipt of the money, therefore, passed for nothing.

These views dispose of the case, and require that the judgment of the district court be AFFIRMED.