PETER L. SCHMIDT, Appellee, v. IOWA KNIGHTS OF PYTHIAS INSURANCE ASSOCIATION, Appellant.

Mutual Benefit Insurance: CERTIFICATE: CHANGE OF BENEFICIARY. Where one insured in a mutual benefit association gave directions on his deathbed that his certificate in such association be sent to a person named, with the verbal request that he indorse thereon a surrender of such certificate and direction that a new certificate issue to a different beneficiary named, and pursuant to such request the indorsement was made, and the certificate delivered to the association, but the new certificate was not issued, and after the death of the insured the amount of the surrendered certificate was paid to the beneficiaries named in said indorsement, *held*, that the indorsement thus made by one as agent for the insured was effectual to change the beneficiaries so far as the insured was concerned, and the same having been ratified by the association by payment to the new beneficiaries as directed, the former beneficiary had no right of action upon the certificate surrendered.

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

Monday, February 9, 1891.

Action to recover an amount alleged to be due on a certificate of insurance, issued by the defendant on the application of one Charles Schmidt. The defendant denies liability, pleads payment to the person entitled thereto, and, in a counterclaim, alleges an attempted change of beneficiary by Schmidt, and demands equitable relief. The cause was tried as an action in equity, and, judgment being rendered in favor of the plaintiff, the defendant appeals.—*Reversed.*

*Brown & Miller, J. L. Carney* and *T. Brown,* for appellant.

*H. W. Holman* and *F. Jennings,* for appellee.

Robinson, J.—About the year 1877, Charles Schmidt deserted his wife, Carrie, leaving with her their son, Peter, the plaintiff in this action, who was then about seven years of age. Two years later a decree of divorce was rendered in favor of Carrie. In May, 1883, Charles Schmidt again married, and by his second wife, Annie, had a son, named John. In June, 1886, Charles Schmidt applied to the defendant for membership and insurance in favor of his son, Peter, and, upon that application, the certificate in suit was issued. Whether that was before or after the birth of John is not shown. On June 25, 1888, Schmidt died. A short time before his death he had conversations with different persons in regard to changing the beneficiary of the certificate, and, as a result of these conversations, an indorsement was made on the certificate in words as follows :

"South Sioux City, June 25, '88.

"I do hereby surrender the within benefit certificate, and direct that a new one be issued to me, payable to Anna Schmidt and John Schmidt, related to me as wife and son.      Chas. Schmidt,

"Member's signature.

"Witness: Geo. W. Bennett."

The indorsement was made before Schmidt died, but not in his presence, and the signature thereto was affixed by a man named Wing. The certificate, as indorsed, was sent to the defendant at Marshalltown, but before a new one was issued the death of Schmidt was reported, and a new certificate was not issued. An assessment on account of the death was made, and the available proceeds, amounting to eighteen hundred and sixty-two dollars and fifty cents, were paid to Annie Schmidt for herself, and as guardian of her son, John.

The appellant contends that Schmidt had no right to change the beneficiary of the certificate; that if he had that right he did not exercise it; and that if he attempted to exercise it he failed to accomplish his purpose. It is well settled that a beneficiary of a certificate of the character of that in suit has no vested right in it before the death of the member on whose account it was issued, and that the member may change the beneficiary without the consent, and against the wish, of the one first named, and that the change may be effected without the assent of the association. *Brown v. Grand Lodge*, 81 Iowa, 400; *Hirschl v. Clark*, 81 Iowa, 200.

The material question to be determined in this case is whether what was done by Schmidt, and under his direction, should be given the effect of a change of the beneficiary named in the certificate. Three days before his death, Schmidt sent for Judge Wilber, who resided in Dakota City, Nebraska, to transact business for him, Judge Wilber attended as requested, and drew certain deeds which Schmidt executed. After that was done he spoke of the certificate in suit, said it was locked up in a safe, but, if it could be procured, he would like to make a transfer of it. An attempt to obtain the certificate at that time failed. Two days later, Alex. Fellner, a soliciting agent, who resided in Sioux City, and through whose influence Schmidt became a member of the defendant association, visited him. They conversed in regard to the beneficiary of the certificate. Schmidt stated that he wished it to be so changed that his wife,

Annie, and his son, John, should be the beneficiaries.
It was finally arranged that the certificate should be sent
to Sioux City the next day, and that the necessary
indorsement thereon should be made by T. J. Wing,
who was the presiding officer of the lodge to which
Schmidt belonged,  The certificate was brought to Sioux
City on the next day, and the indorsement was made by
Wing, according to the arrangement made the previous
day.  Wing did not act by virtue of any writing made
by Schmidt, nor by any verbal authority given by him
in person, but by directions communicated by a person
to whom Schmidt had given them.  But we are satisfied
that what Wing did was done at the request and by the
direction of Schmidt, and, that being true, his direction
and wish should be given effect, although not expressed
in writing.  It is perhaps true that he had the phys-
ical power to sign the indorsement had it been presented
to him, or to have signed written authority to Wing to
do so, but, although it might have been a better plan,
he was not bound to adopt it.  He showed his intent
clearly by sending the certificate to Wing with verbal
instructions to make the indorsement necessary to effect
the change of beneficiaries which he desired.  His inten-
tions and the authority he gave having been ascertained,
the acts of his agent in carrying them into effect should
be enforced.  The defendant made no objection to the
acts of Schmidt, but ratified them by paying the amount
due to the beneficiaries he had named.  It follows from
what we have said that the plaintiff is not entitled to
recover on the certificate in suit.

The judgment of the district court is REVERSED.