FRANKLIN LIFE INSURANCE COMPANY *v.* MORRELL.

Opinion delivered December 9, 1907.

1.  INSURANCE—KNOWLEDGE OF SURRENDER OF POLICY—ESTOPPEL.—
    Where the beneficiary of a policy of insurance knew that the assured
    (her husband) had surrendered the policy for a valuable considera-
    tion, and that he paid no further premiums thereon until his death,
    some six months later, and made no objection thereto during his
    life, she will be estopped, after his death, to attack the validity of
    the surrender upon the ground that at the time it was executed her
    husband's mind was unbalanced. (Page 515.)

2.  SAME—CONFLICT OF LAWS.—An insurance contract executed in an-
    other State between the insurer and the insured should be construed
    according to the laws of that State. (Page 516.)

Appeal from Monroe Chancery Court; *John M. Elliott,*
Chancellor; reversed.

*Thomas & Lee,* for appellant; *McAnulty & Allen,* of
counsel.

The beneficiary acquired no vested interest in the certificate.

1.  The contract must be construed according to the laws
of the State of Illinois, of which State the appellant, the member
and the beneficiary named in the certificate were residents at
the time the contract was entered into.  By the terms of the con-
tract itself the member could surrender without consent or
joinder of the beneficiary.  124 Ill. 349; 198 Ill. 601; 175 Ill.
187; 126 Ill. 404; 96 Ill. 314; 51 Ill. App. 23; 71 Ark. 300; 61
Ark. 5; 55 Ark. 210; 104 Ga. 256; Story, Conflict of Laws, 8
Ed. 278A; 100 Tenn. 484; 10 Wheat. 148.  The contention that
the words "certificate holder" in the certificate refer to the bene-
ficiary is at war with the language and obvious meaning of that
instrument.

2.  Minnie Wetzel's claim, if any, was released (a) be-
cause of her indorsement of the draft, and (b) because she
authorized and ratified the surrender.  She is estopped.  52
Ark. 458.

3.  The certificate lapsed for failure to pay dues and as-
sessments accruing after February 28, 1901.

4.  Fritz Wetzel was mentally competent at the time of
the surrender.  He possessed sufficient mind to understand the

nature and effect of his act, and that is the test of mental capacity. In order to avoid a contract on account of unsoundness of mind or insanity, it must appear, not only that the party was of unsound mind or insane at the time it was made, but also that he had no reasonable perception or understanding of the nature and terms of the contract. 6 Am. & Eng. Enc. of L., (2 Ed.), 624; 19 Ark. 547; 17 Ark. 292; 109 Ill. 285.

5. Appellees have no legal status to maintain this suit. If any legal wrong was committed, the remedy belonged to the member, and not to the beneficiary. 102 Md. 683.

6. There is no proof of fraudulent representations inducing the surrender, because there is no evidence that the representations relied on were in fact untrue; because, even if untrue, they were mere expressions of opinion, predictions as to the future, and not representations as to a fact, either existing or past. 14 Am. & Eng. Enc. of L., (2 Ed.), 39; 1 Ark. 31; 6 Ark. 573; 16 Ark. 114; 164 Ill. 116.

7. To entitle one to rescind a contract for fraud, he must exercise his option within a reasonable time after discovery of the fraud. 15 Am. & Eng. Enc. of L., 161.

*H. A. Parker* and *Pettit & Pettit,* for appellees.

1. The point sought to be raised here that this is an Illinois contract, and must be construed under the laws of that State, was not raised in the lower court, and will not be considered on appeal. 75 Ark. 312; 74 Ark. 557; *Id.* 88; 72 Ark. 539; 64 Ark. 305; 71 Ark. 342; 72 Ark. 47; 77 Ark. 27; 71 Ark. 427.

2. Upon the proof in the case the chancellor found that the cancellation was void because of fraud, deception and misrepresentation in its procurement; because Wetzel did not have sufficient mental capacity to surrender the certificate; and further found that the widow did not consent to the cancellation. His finding of facts will not be set aside unless clearly against the preponderance of the evidence. 68 Ark. 314; 71 Ark. 134; 73 Ark. 489; 64 Ark. 627; 67 Ark. 200; 72 Ark. 67; 75 Ark. 52.

McCULLOCH, J. This is an action instituted first at law, and on motion of plaintiff transferred to equity, by Mina Wetzel, widow of Fritz Wetzel, deceased, to recover the sum of one thousand dollars alleged to be due from the defendant, Franklin Life Insurance Co., on a benefit certificate or policy of insur-

ance issued by the Franklin Life Association, a fraternal insurance society to Fritz Wetzel, one of its members, the defendant, Franklin Life Insurance Company, after the issuance of the certificate, having succeeded to the business of the former Association and assumed its contracts.

It is alleged in the complaint that, prior to the death of said Fritz Wetzel, a surrender of said benefit certificate was procured from him by defendant's agent by fraud and misrepresentation. The court was asked to set aside the act of Fritz Wetzel in surrendering the benefit certificate on account of such fraud, and also on the ground that he was of insufficient mental capacity to enter into a contract. Plaintiff tendered into court the sum of $190 paid to Wetzel for the surrender of the certificate.

Defendant filed its answer, denying the charges of fraud or of mental incapacity of said Wetzel, and also alleged that the plaintiff thoroughly understood the terms and effect of the surrender, and that she expressly consented thereto.

During the pendency of the action the plaintiff, Mrs. Wetzel, died, and the cause was revived in the name of her children, who are the appellees here. On final hearing of the cause, the court rendered a decree in favor of the plaintiffs, and the defendant has appealed.

It appears from the evidence that the Franklin Life Association was incorporated in the year 1884 under the laws of the State of Illinois as a fraternal insurance society, and that on the 21st of June, 1888, Fritz Wetzel, who then resided in the State of Illinois, became a member of said association, and the benefit certificate was issued to him in the sum of $1000, payable to his wife, Mina Wetzel, upon his death. The certificate of membership contains the following provision:

"11. The certificate holder may surrender his certificate by paying the Association all claims against said certificate, and returning the same to the secretary, and shall then be relieved from all further liabilities and payments whatsoever."

Other parts of the certificate show that by the term "certificate holder" is meant the member, and not the beneficiary.

Fritz Wetzel afterwards removed to the State of Arkansas, where he resided for a time in the town of Stuttgart. He later

removed to Clarendon, in this State, where he died on September 8, 1901. The surrender of the certificate was made on February 28, 1901, by indorsement thereon executed by Fritz Wetzel in consideration of $190, which was paid by the defendant's agent on that date by draft upon the home office in Springfield, Ill., payable to Fritz Wetzel and Mina Wetzel. The consideration paid for the surrender was the estimated amount previously paid by Wetzel as dues and assessments on his policy.

It is shown by the evidence that Fritz Wetzel addressed a letter to the defendant, dated at Stuttgart, Ark., February 4. 1901, as follows: "Dear Sirs: Please explain your method of insurance, as I cannot understand the increase on my dues every year how much will they (the dues) increase from now on, and how long will my dues be as high as they are now, and oblige. yours respect., (signed) F. Wetzel."

, On the date the surrender was made, one of appellant's agents, who was employed as a solicitor and inspector, and who testified that it was his duty to "visit policy-holders, see that they were satisfied with their policy, and report to the company their condition physically, financially and morally", etc., appeared at Stuttgart and interviewed Wetzel. During the course of this interview it was proposed by the agent that, if Wetzel desired to surrender the policy, the company would, in consideration of such surrender, refund to him the estimated amount previously paid by him. This was agreed to by Wetzel in the presence of his son, who was then a man about twenty-five years old, and the surrender was duly executed by indorsement upon the certificate. The agent gave Wetzel a draft on the home office, payable to himself and wife; and subsequently this draft was presented to a local bank bearing the indorsement of Wetzel and his wife, and the amount was paid. There is testimony tending to show, and the chancellor so found, that at this time Wetzel was mentally incapable of transacting business or of executing contracts; but the evidence does not warrant a finding that appellant's agent knew of this condition of his mind, or that he was guilty of any fraud or misrepresentation of facts in procuring the execution of the surrender. The preponderance of the evidence also establishes the fact that the indorsement of the name of Mrs. Wetzel upon the draft was not made by her, but

was written by her husband, who presented the draft to the bank and received payment thereof.

Proof introduced by the plaintiff establishes the fact, however, that Mrs. Wetzel was a few days later apprised of the fact that her husband had surrendered the certificate. After the death of Wetzel his widow addressed a letter to appellant which also shows that she was informed of the surrender very soon after it was executed. The letter is in part as follows:

"I sent to you today a paper of this place publishing my husband's death. You will no doubt remember that he sold to you his policy No. 1536, which was made out in my favor. Well, since that time I have found out that my husband's mind was unbalanced when he sold it, and I can prove that by all of the doctors in Stuttgart, Ark., that treated him, and also by some of the people in that town, as well as doctors in Hot Springs, Ark., Brinkley, Ark., and in Clarendon, Ark. *We were not aware of the fact that his mind was not right when he lived in Stuttgart, and we listened to what he said and what he wanted done.*"

There can be no doubt under the proof that Mrs. Wetzel either knew at the time, or was informed immediately thereafter, that her husband had surrendered this certificate for a valuable consideration. The proof introduced on behalf of the plaintiff shows that the surrender was executed, and the negotiation leading up to it was made, in the presence of Wetzel's son at his place of business in Stuttgart, and that the son went to the home of his parents to procure the certificate.

The benefit certificate issued by the society was upon the express condition that the member should pay certain mortuary assessments and annual dues; and said certificate expressly stipulated that if said assessments and quarterly dues were not paid when due then the certificate of membership should be null and void and of no effect. No assessments or dues were paid by Wetzel after the surrender; none were offered either by him or by the beneficiary. No notice was in any manner communicated to the defendants of the mental incapacity of Wetzel until after his death. The certificate was treated by all parties as having been surrendered, and no rights were asserted thereunder until after the death of the member.

This court holds that under those circumstances Mrs. Wet-

zel was estopped to assert the invalidity of the surrender. Her acquiescence therein prevented her from asserting any rights under the certificate. It is unnecessary, for the purposes of this case, to determine whether the beneficiary had vested rights in the certificate or not.

According to the terms of the contract, however, it seems plain that she had no vested interest. The contract was executed in the State of Illinois, where the insurance society was domiciled, and where this member then resided. It was therefore an Illinois contract, and must be construed according to the laws of that State, according to which laws the beneficiary had no vested interest in the certificate. *Grand Legion* v. *Beaty*, 224 Ill. 346; *Middeke* v. *Balder*, 198 Ill. 590; *Delaney* v. *Delaney*, 175 Ill. 187; *Martin* v. *Stubbings*, 126 Ill. 387.

But, as we have already said, whether the interest of Mrs. Wetzel was vested or not, she is estopped by her acquiescence in the surrender of the certificate to assert any rights under the contract. The chancellor therefore erred in his conclusion, and his decree is reversed, and the cause dismissed.