The Insurance Company of North America *v.* Brim.

Filed June 17, 1887.

No. 12,729.

THE INSURANCE COMPANY OF NORTH AMERICA *v.* BRIM.

INSURANCE.—*Policy.*—*Alteration.*—*Burden of Proof.*—In an action on a policy of insurance on the face of which no alteration is apparent, the burden is upon the insurer, if an alteration after delivery is claimed, to establish the fact of such change.

SAME.—*Premium.*—*Rate.*—*Evidence.*—Where the premium paid by the assured upon a policy purporting to be for five years, is more than the minimum rate for three years as established by the insurance companies doing business in the locality where the risk is taken, and less than such rate for five years, the exclusion of evidence showing the minimum rate so established, as bearing upon the question of an alteration in the policy of from three years to five years, is at most a harmless ruling.

SAME.—*Contract.*—*Deceased Party to.*—*When Agent not Competent Witness.*—In an action upon a policy of insurance by one who succeeded to the property therein described as heir and to the policy by assignment, testimony of an agent of the insurance company, who is called as a witness for the latter concerning matters occurring in the lifetime of the assured, is not competent under section 500, R. S. 1881.

SAME.—*Notice of Loss.*—*Reasonable Diligence.*—*Invalid Condition.*—A condi-

| | |
|---|---|
| 111 | 281 |
| 115 | 269 |
| 120 | 583 |
| 111 | 281 |
| 124 | 491 |
| 111 | 281 |
| 147 | 550 |
| 111 | 281 |
| 164 | 453 |
| 111 | 281 |
| 165 | 323 |
| 111 | 281 |
| 171 | 412 |
| 171 | 413 |

The Insurance Company of North America *v.* Brim.

tion in a policy issued by a foreign insurance company doing business in this State, requiring immediate notice of any claim thereunder, is not valid under section 3770, R. S. 1881, and such condition will be held to mean that the assured shall use reasonable diligence in giving notice of loss.

SAME.—*Reasonable Notice.—Instruction to Jury.*—What constitutes reasonable notice must depend upon the circumstances of each case; but it is not for the jury to determine what facts in law constitute reasonable notice, this being the function of the court, to be discharged by instructing the jury as to the legal value of the facts in evidence.

SAME.—*Incomplete Instruction.*—An instruction that a condition requiring immediate notice was void, that if the plaintiff, taking into consideration all the circumstances, gave notice within a reasonable time the condition was complied with, and that it was a question of fact for the jury to determine, under all the circumstances, what was a reasonable time, is not erroneous, although incomplete.

SAME.—*Time of Bringing Suit.— Void Condition.*—A condition in a policy of insurance that suit must be brought within one year from the date of loss, is in contravention of section 3770, R. S. 1881, which provides that any condition not to sue for a period of less than three years shall be void, and a suit brought after a year is not barred.

From the Decatur Circuit Court.

*C. Shane, W. A. Moore, J. O. Marshall, A. C. Harris* and *W. H. Calkins,* for appellant.

*J. D. Miller* and *F. E. Gavin,* for appellee.

MITCHELL, J.—This was a suit by Mary Brim against the Insurance Company of North America, to recover upon a policy of insurance. The complaint alleges that on the 26th day of June, 1879, the company issued a policy of insurance, whereby it insured certain farm property, therein described, owned by Philip Brim, to the amount of $2,500 against loss or damage by fire, from the 26th day of June, 1879, to the 26th day of June, 1884. The death of Philip Brim, and the succession of the plaintiff to the rights of the decedent in the property and policy, the destruction of certain parts of the property by fire, and the performance by the assured of the conditions of the policy are alleged.

The company answered by a general denial and a plea of *non est factum,* denying the execution of the policy.

The question chiefly contested at the trial was, whether the policy expired on the 29th day of June, 1882, or on the 29th day of June, 1884. The contention of the insurance company was, that the date of the expiration of the policy, as written in the face, and endorsed upon the back thereof, had been changed from 1882 to 1884 by the addition of a perpendicular stroke to the figure 2 at each place, so as to make it appear thus "1884." Evidence was heard in support of the respective theories of the parties.

Pertinent to this feature of the case the court gave the jury the following charge:

"If the evidence, by a fair preponderance, shows that the policy sued on was signed and delivered by the defendant to the plaintiff, and the defendant claims an alteration thereof, the burden is upon the defendant to show such alteration, and if an alteration appears upon it, that it was made after delivery."

The jury found in answer to an interrogatory submitted to them, that there was no alteration apparent upon the face of the policy.

The law upon the subject involved in the instruction was given to the jury correctly. It was for the court and jury to judge, from an inspection of the policy, concerning the character of the alleged alteration. If there was nothing suspicious upon the face of the instrument, tending to raise a presumption that it had been altered after its execution, it was not necessary for the plaintiff, after proving its execution, to offer any proof, in the first instance, upon the subject of an alleged alteration. Within all the authorities, the burden of proof in such a case is upon the party alleging the alteration. *Meikel* v. *State Savings Institution*, 36 Ind. 355; *Stoner* v. *Ellis*, 6 Ind. 152; *Cochran* v. *Nebeker*, 48 Ind. 459; *Fitzgerald* v. *Goff*, 99 Ind. 28; *Sirrine* v. *Briggs*, 31 Mich. 443.

The jury having found that the policy presented no indication of having been altered, we are not required to examine

the vexed question, concerning which the books abound in diverse decisions, as to what presumptions will be indulged in case the face of the instrument itself presents a suspicious appearance. *Neil* v. *Case*, 25 Kan. 510 (37 Am. R. 259).

Since there was no alteration apparent upon the face of the policy, whether the instruction of the court upon that subject was technically accurate or not, it was not influential in producing the verdict. *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264, 273 (54 Am. R. 312).

During the progress of the trial the appellant produced a witness, and, in answer to suitable questions for that purpose, proposed to prove that the uniform minimum rate established and existing between the different insurance companies represented in Greensburg at the time of the issuance of the policy in suit was one per cent. for three years, and one and one-half per cent. for five years, on detached farm property, such as that covered by the policy in question. The evidence was excluded. Without determining the abstract question concerning the admissibility of evidence of the character of that offered, it is manifest that the exclusion of the evidence proposed was harmless in this case. The policy recited that the premium paid, as a consideration for twenty-five hundred dollars insurance, was thirty dollars. There was no evidence controverting this. It is, therefore, apparent, whether the established rate of insurance in the city of Greensburg was, or was not, in accord with the proposed evidence, the appellant's agent did not, in this instance, conform to the rate established. If the policy was for three years, as the appellant contended, the premium charged was five dollars more than the rate. If it was for five years, the premium was less than the rate by seven dollars and a half. The evidence would have proved nothing to the appellant's advantage if it had been admitted. There was no error, therefore, in excluding the testimony.

The appellant proposed to prove by its agent, who issued the policy, certain matters in respect to the policy which

must have occurred, if at all, in the lifetime of Philip Brim, ·deceased, with whom the contract of insurance was negotiated. Mrs. Brim succeeded to the property insured as heir, and to the policy of insurance by assignment. The agent was permitted to testify in respect to certain matters testified to by Mrs. Brim which occurred in the lifetime of her deceased husband. Concerning other matters so occurring, the proposed testimony was excluded. There was no error in this. Section 500, R. S. 1881; *Peacock* v. *Albin,* 39 Ind. 25; *Reynolds* v. *Linard,* 95 Ind. 48.

The fire occurred on the 10th day of August, 1883. The evidence tended to show that notice of the loss was communicated to the company's agent on the thirteenth day thereafter.

There was a condition in the policy requiring that immediate notice should be given of any claim to be made thereunder. Some circumstances appeared in the evidence tending to show an excuse for not notifying the agent at an earlier period.

Relevant to this feature of the case the court instructed the jury, in substance, that the condition requiring immediate notice was void; that if the plaintiff, taking into consideration all the circumstances, gave notice within a reasonable time, the provisions of the policy in that regard were complied with, and that it was a question of fact for the jury to determine, under all the circumstances, what was a reasonable time.

Section 3770, R. S. 1881, relating to foreign insurance companies doing business within this State, prohibits any such company from inserting certain conditions in its policy. Among others, conditions requiring notice of loss to be given forthwith, or within a period of less than five days, are prohibited. The statute provides, that any condition inserted in a policy contrary to its provisions shall be void. The effect of the statute is to invalidate any provision in a policy issued by a foreign insurance company which requires notice

of a loss to be given within less than five days.   The law makes such a condition in a policy conclusively unreasonable. Construed in connection with the law, the condition requiring immediate notice must be held to mean that the assured shall use reasonable diligence in giving notice of the loss. What constitutes reasonable diligence or reasonable notice must depend upon all the circumstances of each particular case. *Railway, etc., Assurance Co.* v. *Burwell,* 44 Ind. 460 ; Wood Fire Ins., section 414.

The purpose of the notice is to enable the company to take proper precautions for its own protection.   The notice must be reasonable under all the circumstances.   Where the facts are not in dispute, or when they have been ascertained by the proper tribunal for that purpose, it becomes a question of law for the court to determine whether, under the facts and circumstances of a given case, the notice was reasonable. Where the facts tending to show an excuse for the delay are in dispute, or where it is a disputed question whether the delay was occasioned by certain facts, it is for the jury to ascertain the facts, and the cause and effect of the delay, and, under proper instructions from the court, as to the force and effect of the facts found, determine whether or not, under all the circumstances, reasonable notice of the loss was given. Wood Fire Ins., section 412.

This rule properly applied does not, in any event, leave it to the jury to determine what facts in law constitute a reasonable notice.   This is the function of the court, to be discharged by properly instructing the jury as to the legal value of the facts, as they may be found from the evidence.   In view of the last clause of the instruction complained of, it was eminently proper that the court, either of its own motion, or at the request of the appellant, should have instructed the jury further, as to the facts and circumstances necessary to constitute a legal excuse for the delay, and under what circumstances, within the proof, the notice might have been deemed sufficient.   The instruction in and of

itself was not, however, erroneous. The appellant, so far as we are advised, made no request for further instructions. The case is, therefore, within the rule which denies a reversal in case an instruction is substantially accurate, but which might, with great propriety, have been supplemented with further instructions, in order to render it more intelligible and complete. *Wilson* v. *Trafalgar, etc., G. R. Co.,* 93 Ind. 287 ; *Board, etc.,* v. *Legg,* 110 Ind. 479.

Without detailing the circumstances which appeared in evidence, it is sufficient to say, since it does not appear that the company made any objection to the claim on account of the insufficiency of the notice, or that any detriment resulted to it on account of the delay, the notice was, under all the circumstances, reasonably in time. Wood Fire Ins., section 414. Of course, if the policy had required notice to be given within a definite time, not within the period prohibited by statute, or if the notice had been unreasonably delayed without any circumstances of excuse, a failure to object to a notice given after the right of action on the policy had expired would not revive the right. *Trask* v. *State, etc., Ins. Co.,* 29 Pa. St. 198. This case is not within that rule. The policy contained a provision to the effect that if a suit or action should be commenced thereon, after the expiration of one year from the date of the loss, the lapse of time should be deemed conclusive against the validity of the claim. This suit was not brought until after the expiration of one year, and it is now contended that the above mentioned stipulation defeated the plaintiff's right to recover on the policy.

The statute already referred to enacts that any condition or agreement in a policy of foreign insurance, " not to sue for a period of less than three years," shall be void, and it also provides that any condition inserted in a policy to avoid the provisions of that section shall be void. It is at once obvious that the condition in the policy and the provisions of the statute can not stand together. It is said the pro-

vision in the policy, the practical effect of which was to bar a right of action after one year, was such a contract as the parties had the right to make, and that such right was not subject to legislative control.

While the general proposition may be conceded, that insurance companies have the right to contract that parties shall assert their claims against them within a reasonable time (*Riddlesbarger* v. *Hartford Ins. Co.*, 7 Wall. 386), yet the constitutional right of the Legislature to prescribe the terms upon which foreign corporations may transact business within the State is also abundantly established. *Farmers, etc., Ins. Co.* v. *Harrah*, 47 Ind. 236; *Bank of Augusta* v. *Earle*, 13 Pet. 519; *Paul* v. *Virginia*, 8 Wall. 168; *Ducat* v. *Chicago*, 10 Wall. 410; *Cooper Man'f'g Co.* v. *Ferguson*, 113 U. S. 727; *Cincinnati Mutual, etc., Co.* v. *Rosenthal*, 55 Ill. 85; *Thorne* v. *Travellers Ins. Co.*, 80 Pa. St. 15.

The statute must be regarded as a legislative declaration, that less than three years is an unreasonable limit within which to require parties holding claims under a policy of foreign insurance to assert their claims or be forever barred. This statute was in force when the contract of insurance was consummated, and it must be conclusively presumed that the contract was made with a due regard for the law. In so far as the statute and the condition in the policy are in conflict, the statute must prevail. It is said the statute is unconstitutional. Counsel have not called our attention to any provision of the Constitution which is supposed to be infringed, and we know of none.

The judgment is affirmed, with costs.

Filed June 15, 1887.