Clara Leffingwell, Appellant, v. Grand Lodge, American Order of United Workmen, Appellee.

1. Mutual Benefit Societies: CERTIFICATE: FORFEITURE: WAIVER. Where, under the constitution of a mutual benefit association, the failure of a member to pay an assessment worked a forfeiture of his rights under his membership certificate, but delinquent members were permitted by the payment of their arrearages within six months after their default to again become entitled to all of the benefits of the association, held, that the service of notice of seven assessments by such association upon a member, within six months after he became in default for the nonpayment of dues and assessments did not operate as a waiver of the right of said association to declare a forfeiture of such member's certificate, although said member tendered payment of all arrearages before such forfeiture was declared.

2. ——: ——: ——.  The fact that at the time of the death of a member thus in default the said association was indebted to him in an amount greater than the sum due for assessments and dues, held, not to entitle said member to an equitable application of the amount due him to the payment of his dues and assessments in order to avoid a forfeiture of his certificate, the collection of assessments and dues being made, under the rules of the order, by a subordinate lodge, and the defendant having no authority to make such application.

*Appeal from Clinton District Court.*—Hon. A. Howat, Judge.

Wednesday, October 12, 1892.

Action on a certificate of membership and insurance, issued by the defendant.  It was tried as in equity,

and a judgment was rendered in favor of the defendant for costs.   The plaintiff appeals.—*Affirmed.*

*Ellis & McCoy*, for appellant.

*J. D. Nichols*, for appellee.

ROBINSON, C. J.—The certificate in suit was issued in May, 1878, to Andrew J. Leffingwell and provides that at his death the sum of two thousand dollars shall be paid to his wife or legal heirs.   It also contains this provision: "This certificate is issued upon the express condition that said Andrew J. Leffingwell shall in every particular, while a member of said order, comply with all the laws, rules and requirements thereof." Leffingwell died on the twenty-second day of December, 1887, and this action is brought by his widow to recover the amount of the certificate.   The defendant is a corporation organized under the laws of this state, and one of its objects is to create, hold, and disburse a beneficiary fund for the relief of its members and their families, under such laws, rules, and regulations as it shall prescribe.   Another of its objects is to institute subordinate lodges, under such rules, by-laws, and regulations as it may establish.   Under the rules and regulations adopted in the form of constitutions, the work of the order is largely done by or through the subordinate lodges.   Application for membership is made through such lodges, and when the applicant is entitled to a certificate of membership it requires the signatures of officers of the subordinate lodge to become effectual.   The revenues of the grand lodge are derived from the subordinate lodges, and consist of certain fees, dues and assessments.   When a member entitled to the benefits of the order dies, it is the duty of the subordinate lodge to which he belongs to notify an officer of the defendant, known as the "Grand Recorder."   Where the claim for the death is adjusted,

an order is drawn by certain officers of the defendant, and forwarded to the subordinate lodge of which the deceased was a member, and under its supervision is indorsed to the person entitled to it.   When the grand recorder is notified of the death of a member, it is his duty to notify each subordinate lodge in his jurisdiction of the fact.   The beneficiary fund then on hand in each subordinate lodge, consisting of one dollar for each valid certificate, and sums received for certificates renewed, is at once forwarded to the grand recorder and an officer of each subordinate lodge then makes an assessment of one dollar upon each member liable to assessment, of which notice is given.   If a member subject to such assessment fail to pay it to his subordinate lodge, he forfeits his rights under his certificate. The record of each subordinate lodge shows the financial standing of each member.   Any member who renders his certificate void by failing to pay assessments when due may renew it at any time within three months from the date of forfeiture, on condition that he pay all assessments which have been made during that time; but if he has been in arrears on the assessments more than three months, he is required to submit to a medical examination, pay arrearages and an additional fee, after which he can be reinstated.   If he is in arrears for the period of six months, he stands suspended from all benefits and privileges of the order, and his certificate is reported to the grand recorder as annulled.   It is the duty of the financier of each subordinate lodge to notify all members in arrears to the amount of three months' dues.

The decedent was a member of the subordinate lodge, known as "Eureka Lodge, number 6," and it is admitted that at one time he was in good standing, and entitled to the benefits of the order.   It is claimed by the defendant, however, that his rights under the certificate were forfeited by his failure to pay certain

assessments and dues. The first of these was assessment number 10, payable on the twenty-eighth day of July, 1887. After that, seven other assessments were made, the last one about the first day of December, 1887. It is not denied that these assessments and dues to the amount of two dollars were not paid to Eureka lodge, but it appears that in May, 1886, the decedent was appointed by the defendant a member of its judiciary committee for the period of two years, at an annual salary of fifty dollars. At the time of his death there was due him at least twelve dollars and fifty cents on account of the second year's salary, or several dollars more than the amount of the unpaid dues and assessments. The plaintiff contends that the defendant could not equitably declare a forfeiture of the certificate while it was indebted to Leffingwell in a sum greater than that of the assessments and dues, and she asks, in effect, that the assessments and dues be decreed paid from the amount the defendant was owing to the decedent, and that the certificate be held to be in full force.

I. The plaintiff also insists that the right, if any there was, to declare a forfeiture for the failure to pay assessment number 10, was waived by the making of the subsequent assessments, and that the defendant is estopped to assert a forfeiture; that about the time the last assessment was made Leffingwell tendered payment of all arrearages, which tender was refused, although it was the custom of the defendant to accept such payments under like circumstances. After the death of Leffingwell, the defendant tendered to the plaintiff about thirty-four dollars as the amount due her husband for services, but the tender was refused.

1. MUTUAL benefit societies: certificate: forfeiture: waiver.

It appears to have been the policy of the defendant to give to delinquent members an opportunity to pay arrearages, and to again become entitled to all the

benefits of the order.   The provisions of the constitutions of the defendant and its subordinate lodges were evidently framed with that end in view.   The failure to pay an assessment suspended the right of the member under his certificate, but did not terminate his relations with the lodge.   On the contrary, subsequent assessments were made, which he was required to pay before he could be reinstated; and the making of such subsequent assessments, and the giving of notice thereof, did not in any manner waive the first default, but was entirely consistent with the duty of the defendant towards the member, at least, until he had been in arrears for the period of six months.   No assessment was made in this case after that period had expired, and there is no ground for holding that the right to declare a forfeiture for the failure to pay assessment number 10 had been in any manner waived before the death of Leffingwell.

II. The question of an equitable application of the amount due him to the payment of the delinquent assessments and dues is more difficult; but, after a careful examination of the entire record, we reach the conclusion that the right to make such an application must be denied.   The rules and regulations of the order were a part of the contract of membership between the defendant and Leffingwell.   *Mandego v. Centennial Mutual Life Ass'n*, 64 Iowa, 136.   They specified the time and manner of the payment of assessments and dues, and fixed the consequence of defaults.   The accounts with Leffingwell for assessments and dues were kept by Eureka lodge, and payments were made to it.   It is true, reports of the standing of each member and of those in arrears were forwarded from time to time to the grand lodge, but it was important, in order to avoid confusion of accounts, and to know the duties and obligations of the subordinate to the grand lodge, that the method

of payment required by the rules and regulations be followed, that the books of the subordinate lodge should show the exact standing, including arrearages, of each member. Our attention has not been called to any provisions of the contract between the defendant and decedent which authorized the former to receive assessments direct from the latter, or to apply any money in its hands belonging to him to the payment of such assessments. It does not appear that Leffingwell ever desired to have the amount due him from the defendant applied on the arrearages in question. It is shown that a few weeks before his death, and at a time when he was sick, the amount of arrearages was tendered to Eureka lodge, but refused because not accompanied by the proper certificate of a physician. It is said that "equity looks upon that as done which ought to be done," but that maxim has no application to this case. As the defendant had no right to make the desired application, it ought not to have made it, and it cannot be regarded as having been made. Had Leffingwell demanded payment of the amount due him and been refused, or had he requested that it be applied in payment of the amount he owed, a different question would have been presented. But no equitable circumstances are shown which should except this case from the operation of the general rules. Leffingwell had been a member of Eureka lodge for several years, and undoubtedly knew the regulations in regard to the duties of members, but he made no effort to comply with them, nor to have the amount due him from the grand lodge used to discharge his arrearages. Eureka lodge, so far as is shown, had no knowledge of the amount owed by the defendant, and would not, in any case, have paid it. Although the failure of Leffingwell to pay the assessments and dues in question is unfortunate, he alone appears to have been responsible for it, and it

had the effect to suspend his rights under the certificate in suit. *Bosworth v. Western Mutual Aid Society*, 75 Iowa, 583; *Carpenter v. Centennial Mutual Life Association*, 68 Iowa, 454.

Rules which govern cases where an insurance company dealing directly with the person insured, and holding unpaid dividends, which it had a right to apply on unpaid premiums, are not applicable to such cases as this, for reasons we have sufficiently indicated. The evidence fails to show any custom on the part of the defendant to accept arrearages when there is a failure to comply with its rules.

The judgment of the district court IS AFFIRMED.