MARY J. PETRIE v. MUTUAL BENEFIT LIFE INSURANCE COMPANY.[1]

July 1, 1904.

Nos. 13,990—(208).

**Mutual Insurance—Dividend.**

Respondent is a mutual life insurance company organized under the laws of New Jersey. There are no stockholders except the company's members and policy holders, and by its charter the management of its affairs is placed in a board of twelve directors, selected annually by the members, who are empowered to adopt such by-laws and regulations as to them shall appear needful and proper for the management and disposition of the property and all matters pertaining to the business. The by-laws provided that the surplus of the company may from time to time be distributed according to the directions of the board. In 1881 the company issued a policy upon the life of Albert H. Petrie, for the benefit of his wife, appellant herein, for the sum of $2,500, at an annual premium of $65, to be paid on or before twelve o'clock noon, March 18 of each year. The insured died in August, 1901, and by the terms of the policy it lapsed on March 18, 1901, unless extended beyond that date by paid-up insurance, according to the conditions of the provisions of the nonforfeiture clause, which was a part of the contract of insurance.

The insured was carrying a loan on the policy which, on March 18, 1901, amounted to $637.97. January 21, 1901, the board of directors adopted

[1] Reported in 100 N. W. 236.

a resolution declaring a provisional dividend, conditioned upon the payment of the annual premiums. At the time the resolution was adopted there was available as dividend to the policy in suit the sum of $17.12, and if applied to reduce the indebtedness the policy would be extended beyond the date of the decease of the insured.

*Held:* The rights of the parties are based upon the contract of insurance, and the insured is bound by the terms thereof. That portion of the provisional dividend apportioned to the policy in question under the resolution of the directors did not immediately become applicable as a credit to reduce the indebtedness of the insured, and thereby extend the insurance, and the condition attached in the resolution as a limitation to its application for such purpose was within the reasonable discretion and within the authority of the board of directors, and the policy having lapsed March 18, 1901, for nonpayment of the annual premium, the cash surrender value was not sufficient to extend it beyond the date of the death of the insured.

Action in the district court for Hennepin county to recover $2,500 upon a policy of insurance issued by defendant upon the life of plaintiff's husband. The case was tried before Brooks, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*James O. Pierce* and *Stelle S. Smith,* for appellant.

*John R. Van Derlip,* for respondent.

The cause of action is one at law upon express contract, and no equitable questions are involved or presented by the pleadings. Cohen v. New York, 50 N. Y. 624; Isherwood v. New York (Ohio) 11 Ins. L. J. 927, 933, 934; Maxcy v. New Hampshire Fire Ins. Co., 54 Minn. 272, 276; Uhlman v. New York, 109 N. Y. 421; People v. Security, 78 N. Y. 114. The contract in suit (the policy) contains no promise or undertaking, direct or indirect, to pay any dividends to plaintiff. Brooklyn Ins. Co. v. Dutcher, 95 U. S. 269, 273; Paine v. Smith, 33 Minn. 495, 498, 499, 500; Bowe v. Hyland, 44 Minn. 88; Eastman v. New York, 62 N. H. 1. The dividends allowed were, therefore, benefits subject to the discretion of the directors—hence could be apportioned conditionally or absolutely, or entirely withheld. Beveridge v. New York, 112 N. Y. 1; Fuller v. Knapp, 24 Fed. 104, 105; Forrester v. Mutual, 4 Ins. L. J. 79; People v. Superior Court, 10 Wend. 291; In re Norrington, 13 Ch. Div. 659; Williams v. Western, 93 N. Y. 162;

Ely v. Sprague, 1 Clarke Ch. 351, 354; Barry v. Merchants, 1 Sandf. Ch. 280; Beveridge v. New York, 112 N. Y. 1; Gadd v. Equitable Life Assur. Soc., 97 Fed. 834; Greeff v. Equitable, 160 N. Y. 19; Martin v. Walker, 84 Minn. 9. Courts will not arrogate to themselves the discretionary duties of directors in a corporation, or control the honest performance of such duties. Nightingale v. State, 5 R. I. 38; Karnes v. Rochester, 4 Abb. Pr. (N. S.) 107; Fry v. Provident (Tenn.) 38 S. W. 116, 128; Isherwood v. New York, 11 Ins. L. J. (Ohio) 927; Taylor v. Charter, 9 Daly, 489; Bryant v. Mutual Ben. Life Ins. Co., 109 Fed. 748.

LEWIS, J.

Respondent company is a corporation organized under the laws of the state of New Jersey. On March 18, 1881, it executed and delivered its policy of insurance, in the sum of $2,500, upon the life of Albert H. Petrie, at an annual premium of $65, to be paid on or before 12 o'clock noon, March 18 of each year. From time to time annually, while the policy remained in force, the insured was permitted to carry a part of the annual premiums as a loan secured by the policy, which loan, with accrued interest, on March 18, 1900, amounted to $400.32; and on April 14, 1900, desiring to increase the amount of the loan, a change was made in the form of the policy by the substitution of certain forfeiture provisions in lieu of those originally incorporated in the policy, and in pursuance of such arrangement the company advanced to the insured, upon security of the policy, a loan of $635, out of which the prior loan, with interest and the amount of the premium which became due March 18, 1900, were paid, and the remainder, $187.40, was paid in cash, thereby extending the policy in full force until 12 o'clock noon, March 18, 1901. The premium which became due March 18, 1901, was not paid, and by reason thereof, according to the terms of the contract, the policy ceased and determined at 12 o'clock noon on that day, and all the rights of appellant thereunder ceased and determined, except her rights under the nonforfeiture provisions adopted at the time the loan was increased April 14, 1900. The insured died August 11, 1901, and this action was brought by his surviving wife, the beneficiary in the policy, to recover the full amount of the insurance, less the amount of the loan and premium which was due March 18, 1901.

In its answer the company alleged that March 18, 1901, the surrender cash value of the policy was $637.97, on which date the amount due upon the loan was deducted from the cash surrender value, and the remainder, according to the contract terms, was applied to the purchase of nonparticipating term insurance for the full amount insured by the policy, to wit, twenty-seven days, the term for which insurance was purchasable with such remainder, at which time the policy lapsed.

Appellant's reply to the answer admitted that the cash surrender value of the policy on March 18, 1901, was $673.97, and that the total indebtedness against the policy at that date, with interest, was $670.28; that the payment due March 18, 1901, had not been paid; but alleged that appellant was entitled to have a credit to the amount of $17.12, which was the amount of the dividend applicable to the policy by the appropriation of January 21, 1901, and that, if such credit had been given, the policy would have been extended as full-paid insurance for the full amount insured for a term extending beyond August 12, 1900.

In addition to the facts already stated, the court found that by reason of the nonpayment of the premium of March 18, 1901, the policy ceased and determined at 12 o'clock noon on that day, and all the rights of appellant therein and thereunder ceased and determined, except as provided by the nonforfeiture provisions adopted April 14, 1900, and which are, so far as material to this case, as follows:

> When after two full annual premiums shall have been paid on this policy it shall cease or become void solely by the nonpayment of any premium when due. * * * If there be any loan on the policy, such indebtedness shall be paid off by the company out of the cash surrender value, and if there be any remainder, a value will be allowed in the form of extended or paid up insurance.

The court further found that March 18, 1901, after the amount of the indebtedness against the policy was deducted from the cash surrender value, there was a balance of $4.05 applicable to the purchase of extended insurance, which was so applied by the company, and the insurance was extended up to and including April 14, 1901. The portion of the by-laws applicable to the question now under consideration reads as follows: "The surplus of the company may be distributed, from time

to time as the board may direct." The court found that respondent apportioned a dividend to appellant's policy in each year after its issuance, down to and including the year 1900, and credited the same upon the loan indebtedness secured by the policy; that it had been the practice to declare all dividends provisionally, and to condition the distribution of the same upon the payment by the policy holder of the annual premium falling due upon the next anniversary of the policy; that January 1, 1901, the surplus of the company was approximately $5,000,-000, and the net income for the year 1900 was approximately $2,000,000; that January 21, 1901, the board of directors adopted a resolution in the following form:

> Resolved, that the sum of $1,792,403.70 be, and hereby is, appropriated to the payment of dividends in 1901, for the year 1900–1901, to participating policies which shall be continued in force after their policy anniversaries in 1901 by payment of renewal premiums or by their being paid-up policies. In case of default in premium payments for the policy year beginning in 1901, there shall be no credit for the dividends provisionally declared conditioned upon the payment of such premiums.

The court found that, of the sum so provisionally appropriated by the company to the payment of dividends, the amount to which the policy in suit would have been entitled if the condition had been complied with was $17.12, and that appellant was duly notified that the premium on the policy would be due at noon March 18, 1901, and that the payment of the dividend so apportioned was conditioned upon the payment of the premium. The court held as a matter of law that the company was authorized to declare the dividend provisionally, and to condition its distribution upon the payment of the next maturing annual premium, and this appeal presents for review the correctness of such holding.

There is no dispute as to the essential facts of the case, and the legal question involved lies within a very narrow compass. The position of appellant is that respondent is a mutual company, composed wholly of its policy holders, who have entire control over its interests, assets, profits, and surplus; that the interest of all members in the profits is in proportion to the amount of their respective contributions to those

profits; that the discretion of the directors was limited to determining what dividend or surplus should be distributed among the members, but they had no authority to attach to such distribution a condition that, before the dividend should become effective, the ensuing annual premium of such policy must be paid; that in this case, the directors having exercised their discretion and set aside a part of the earnings for the benefit of the members of the company, appellant's portion of that amount was immediately applicable as a credit to reduce the indebtedness, and the action of the directors in limiting the application of the dividend was ultra vires, having the effect to divert money which had been earned by the funds paid in upon the policy, and applying it to other sources not contemplated by the contract and not authorized by the charter. This argument, while plausible, and ably presented, rests upon an unsound foundation. It does not follow that, because respondent company is a mutual life insurance company, it may not enter into contracts as a company with its members. The company is a corporation, and its members are the stockholders. Such members, or policy holders, do not do business with each other as members of a partnership. Cohen v. New York, 50 N. Y. 610. According to the pleadings and findings, respondent company is a corporation duly authorized by the New Jersey laws, and the contract of such corporation with its policy holders is evidenced by the terms of the policy. When the insured made application to become a member of this company, and accepted the policy, with the subsequent changes as to its nonforfeitable provisions, he entered into contractual relations with the company. This action is upon contract, and appellant is bound by the terms thereof. The certificate issued at the time the loan was made did not change the nature of the contract, and there are no equitable considerations. The charter provides:

> Sec. 7. The directors or the majority of them shall have power to make and prescribe such by-laws, rules and regulations as to them shall appear needful and proper for the management and disposition of the stock, property, estate and effects of such corporation and for all such matters as pertain to the business thereof.

Sec. 8. * * * The property and concerns of said corporation shall be conducted and managed by twelve directors to be chosen by ballot by and from among the members.

The by-laws gave the directors control of the surplus. "The surplus of the company may be distributed from time to time as the board may direct." In adopting by-laws for the control and regulation of the board of directors, the members of the corporation presumably took such action as was deemed best for the interest of its members, and unless it appears that the action of the directors in this instance was entered into in bad faith, or was a clear abuse of the discretion imposed upon them by the by-laws, we know of no legal ground upon which their action in attaching the condition to the provisional dividend can be attacked. According to the evidence, the following facts were taken into consideration by the board of directors before they made an appropriation for dividends: First, the amount of the company's surplus at the end of the preceding year. Second, the recent experience of the company in regard to mortality results, interests, and earnings. Third, income from premiums. Fourth, the amount expended for taxes and expense of management, together with what appeared to be the reasonable prospect for the future, and the probability of the amount so appropriated being somewhat in excess of the amount actually required to pay individual dividends. With reference to the action of the directors in making the provisional dividend under consideration, the court found that respondent exercised a reasonable and honest discretion in attaching the condition stated. The directors were authorized, as the representatives of the company, to take any reasonable action, based upon the experience of the company and other companies of a similar character, to guard against the uncertainties of the future. It was their duty to make the business successful, and to do so it was not only expedient continually to acquire, but also to retain the old members; and, if experience had shown that the tendency was for policy holders to neglect to pay their annual premiums while anything remained to their credit in the nature of dividends which might be applied to extend their insurance, it was a reasonable and wise precaution to guard against it by requiring the payment of the annual premium as a condition precedent to receiving credit for the dividend.

We are unable to see wherein appellant was discriminated against. The policy under consideration was not thereby placed in a class by itself, but the resolution applied to all policy holders, and all were subject to the same contingency. While these propositions seem to be elementary and require the citation of no authority, the following cases are elucidations of the subject: Beveridge v. New York, 112 N. Y. 1, 19 N. E. 489; Williams v. Western, 93 N. Y. 162; Ely v. Sprague, 1 Clarke, Ch. 351; Greeff v. Equitable, 160 N. Y. 19, 54 N. E. 712; Bryant v. Mut. Ben. Life Ins. Co. (C. C.) 109 Fed. 748. The cases relied upon by appellant, Van Norman v. N. W. Mut. Life Ins. Co., 51 Minn. 57, 52 N. W. 988, and others, are clearly distinguishable in the nature of the contract. As found by the trial court, the policy lapsed prior to the death of the insured.

Order affirmed.