# CAYWOOD v. SUPREME LODGE KNIGHTS AND LADIES OF HONOR.

### [No. 6,256. Filed May 12, 1908.]

APPEAL.—*Erroneous Ruling Precedent.—Transfer.*—Where a case appealed to the Appellate Court is governed by what is deemed an erroneous ruling precedent, the Appellate Court will transfer such case to the Supreme Court with a recommendation to overrule such precedent.

From Hancock Circuit Court; *E. W. Felt*, Judge.

Action by Ellen M. Caywood against the Supreme Lodge of Knights and Ladies of Honor. From a judgment for defendant, plaintiff appeals. (For decision on merits see — Ind. —.) *Transferred to Supreme Court.*

*George Young, John M. Bailey* and *William Ward Cook,* for appellant.

*William A. Hough* and *Taylor, Woods & Willson,* for appellee.

RABB, J.—The appellee is a mutual benefit association, and this action was brought by the appellant upon a benefit certificate issued to her son, John C. Caywood, naming appellant as beneficiary therein. The action was commenced on January 30, 1905. The certificate on which the action was founded contained this provision:

"No suit shall be commenced against the supreme lodge after one year from the date of the death of the member herein named."

The complaint was in two paragraphs. Each averred that John C. Caywood, the member to whom the certificate was issued, died in September, 1902. The first paragraph of the complaint was silent upon the question as to whether the appellee was a foreign or domestic corporation. The second paragraph showed affirmatively that the appellee was a domestic corporation. Demurrers were sustained by the court below to both paragraphs of the complaint, and these rulings present the only questions that arise on the record here.

It is the contention of the appellee that the provision in the contract sued upon that no action should be brought thereon after the lapse of one year after the death of the member to whom the certificate was issued is a valid and binding part of the contract, one the association and the assured had the right to make, and limited the right of the beneficiary to maintain an action upon the certificate to the period of one year from the death of the member named, and that, it affirmatively appearing on the face of the complaint that the action was not brought within the period of limitation, each paragraph of the complaint was obnoxious to a demurrer. This contention of appellee is sought to be avoided in several ways. Among other things, it is contended that

this provision in the contract was void as being in contravention of the statute of limitations and against public policy, and we are cited by appellant, in support of this contention, to the case of *Eagle Ins. Co.* v. *La Fayette Ins. Co.* (1857), 9 Ind. 443. Appellee concedes that the case cited supports appellant's contention, and there can be no question but that such is the case. The precise question was presented in that case, and it was there directly decided that such clause in a contract of insurance was void as being against public policy, although the writer of the opinion dissented from the decision of the court upon the point. Appellee, however, contends that this case has been virtually overruled by later authorities, and cites the case of *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281, to that effect. The case cited does not overrule the case of *Eagle Ins. Co.* v. *La Fayette Ins. Co., supra,* nor does it in any manner refer to it, but incidentally does refer to the case of *Riddlesbarger* v. *Hartford Ins. Co.* (1868), 7 Wall. (U. S.) 386, 19 L. Ed. 257, where the case of *Eagle Ins. Co.* v. *La Fayette Ins. Co., supra,* is criticised, and a different rule declared by the Supreme Court of the United States. But we have been unable to find any decision of our Supreme Court that either expressly or impliedly overrules the case cited by appellant, and, until this case is overruled by the Supreme Court, the law there announced is binding upon the Appellate Court. We, however, think that the case is not well decided, and it is out of harmony with practically all other decided cases on the subject. *Riddlesbarger* v. *Hartford Ins. Co., supra,* and cases cited; 2 Bacon, Ben. Soc. (3d ed.), §443; Niblack, Mut. Ben. Soc., §370; 2 May, Insurance (4th ed.), §478. It is the view of this court that the case of *Eagle Ins. Co.* v. *La Fayette Ins. Co., supra,* does not correctly state the law upon this question, and that it should be overruled upon the point here referred to.

Vol. 41—41

Other questions are presented by the record in the case, and discussed by counsel, but, inasmuch as the case must be transferred to the Supreme Court, it would be unprofitable for this court to undertake to decide them. Under the provisions of the first clause of section ten of the acts of 1901 (Acts 1901, p. 565, §1394 Burns 1908), the case is transferred to the Supreme Court, with the recommendation that the case of *Eagle Ins. Co.* v. *La Fayette Ins. Co.*, *supra*, upon the point under consideration be overruled.

Roby, J., absent.