CAYWOOD v. THE SUPREME LODGE, KNIGHTS AND LADIES OF HONOR.

[No. 21,269.   Filed December 15, 1908.]

1.  ACTION.—Contractual Limitation as to Time of Commencement of.—Insurance.—A clause in an insurance policy limiting the time within which an action must be brought thereon is valid, unless contrary to statute.  p. 412.

2.  SAME.—Bringing of.—Contractual Limitation of.—Insurance.— Under §4803 Burns 1908, §3770 R. S. 1881, actions on policies issued by foreign insurance companies may be brought at any time within three years, regardless of any provision in the policy to the contrary.  p. 413.

3.  PLEADING.—Complaint.—Insurance.—Foreign.—Limitation as to Commencement of Action.—A complaint filed on a life policy in June, 1905, the assured having died in September, 1902, and which fails to show that the company is a foreign one, is bad, where the policy contains a provision requiring an action thereon to be brought within one year from assured's death, §4803 Burns 1908, §3770 R. S. 1881, making void all agreements limiting the time of bringing actions to less than three years, applying only to foreign companies.  p. 413.

4.  INSURANCE.—Favorable Provisions.—Waiver.—Conditions in a policy favorable to the company may be waived by it.  p. 413.

5.  APPEAL.—Complaint on Policy.—Sufficiency.—When Questions Presented Will Not Be Decided.—Whether an insurance company waived a provision in its policy requiring an action thereon to be brought within one year from the death of assured, will not be decided, where the complaint may be held insufficient on other grounds.  p. 413.

6.  INSURANCE.—Forfeiture.—Dividends.—Applicability to Payment of Premium.—A life policy cannot be forfeited by the company, when it has in its possession dividends due to the assured, which it may apply upon such policy.  p. 414.

7.  PLEADING.— Complaint.— Insurance.— Forfeiture.— Money Due from Company to Assured.—An allegation, in an action upon a life policy, that the company owed assured $2 for services rendered and that the company had the right to apply such sum to the payment of the premium and should have so applied it, and has ever since retained such sum, does not show that assured was relieved from paying such premium otherwise.  p. 414.

8.  SAME.—Complaint.—"Duty."—How Alleged.—It is insufficient to allege that it was defendant's duty to do certain things, the facts showing such duty being necessary.  p. 415.

Caywood *v.* Supreme Lodge, etc.—171 Ind. 410.

9. PLEADING.— *Complaint.— Refusal.—Implications.*—An allegation that defendant "refused" to apply certain money to the payment. of a premium involves the assumption that defendant was requested so to apply such money and is insufficient, it being necessary to allege such request in direct terms. p. 416.

10. SAME.—*Demurrer.—What It Admits.*—A demurrer admits only those facts which are sufficiently pleaded. p. 416.

11. SAME.—*Complaint.—Insurance.—Mutual Benefit.—Certificates. —Signatures by Officers of Subordinate Lodge.*—Where a mutual benefit certificate provides for an attestation by certain officers of the subordinate lodge, together with the seal of such lodge, and the certificate sued on was attested only by the seal of such lodge, the complaint founded thereon is insufficient, no execution of the certificate being shown. p. 416.

12. INSURANCE.—*Mutual Benefit Certificate.—Execution.—Possession.—Presumptions.*—The mere possession of a mutual benefit certificate which does not bear the required signatures of the officers of the subordinate lodge, does not show a waiver of such signatures by the company. p. 417.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by Ellen M. Caywood against The Supreme Lodge, Knights and Ladies of Honor. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court (see 41 Ind. App. 639) under §1394 Burns 1908, cl. 1, Acts 1901, p. 565, §10. *Affirmed.*

*George Young, John M. Bailey* and *William Ward Cook,* for appellant.

*William A. Hough* and *Taylor, Woods & Willson,* for appellee.

MONKS, J.—This action was brought by appellant on a benefit certificate issued by appellee, a mutual benefit association, to appellant's son, in which she was named as the beneficiary. The amended complaint is in two paragraphs. A demurrer for want of facts was sustained to the complaint, and judgment rendered on demurrer against appellant.

The errors assigned call in question the action of the court in sustaining said demurrer.

The benefit certificate sued on contains the following provision;

"No suit shall be commenced against the supreme lodge after one year from the date of the death of the member."

It appears from each paragraph of the complaint that the member to whom the certificate was issued died in September, 1902. This action was commenced June 30, 1905, more than two years after the death of the member named in said certificate. Appellant insists that said provision limiting the time in which suit must be commenced is void, citing *Eagle Ins. Co.* v. *LaFayette Ins. Co.* (1857), 9 Ind. 443. The case cited followed *French, Strong & Fine* v. *LaFayette Ins. Co.* (1853), 5 McLean (U. S.) 461, Fed. Cas. No. 5,102, which last-named case was disapproved by the Supreme Court of the United States in *Riddlesbarger* v. *Hartford Ins. Co.* (1868), 7 Wall. (U. S.) 386, 19 L. Ed. 257. This court in *Insurance Co. of North America* v. *Brim* (1887), 111 Ind. 281, held that such a provision was not void, citing *Riddlesbarger* v. *Hartford Ins. Co., supra,* and thereby overruled the holding in *Eagle Ins. Co.* v. *LaFayette Ins. Co., supra,* that such a provision was invalid.

It is settled by the great weight of authorities that a provision in an insurance policy limiting the time in which suit may be brought thereon to a period less than that fixed by statute of limitations is binding, unless it contravenes a statute. *Riddlesbarger* v. *Hartford Ins. Co., supra,* and cases cited; *Lewis* v. *Metropolitan Life Ins. Co.* (1902), 180 Mass. 317, 62 N. E. 369, and cases cited; *Sullivan* v. *Prudential Ins. Co.* (1902), 172 N. Y. 482, 65 N. E. 268; *Fey* v. *Independent Order, etc.* (1904), 120 Wis. 358, 98 N. W. 206; *Mead* v. *Phoenix Ins. Co.* (1904), 68 Kan. 432, 75 Pac. 475, 64 L. R. A. 79, 104 Am. St. 412, and cases cited; *McFarland* v. *Railway Officials, etc., Assn.* (1894), 5 Wyo. 126, 38 Pac. 347, 677, 27 L. R. A. 48, 63 Am. St. 29; *Insurance Co. of North America* v. *Brim, supra;* 25 Cyc., 910; 29 Cyc., 216; 19 Am. and Eng. Ency. Law (2d ed.), 103, 104; 4 Cooley, Briefs on Ins., 3964-3967; 2 Bacon, Benefit Soc. (3d ed.),

§443; Niblack, Mut. Ben. Soc., §§370, 371; 2 May, Insurance (4th ed.), §478; Kerr, Insurance, p. 423.

We have, however, in this State a statute in force since 1865 (§4803 Burns 1908, §3770 R. S. 1881) which this court has held renders void any provision in the policy of

2. a foreign insurance company doing business in this State, limiting the time within which suit can be brought thereon to less than three years. *Insurance Co. of North America* v. *Brim, supra.*

It does not appear from either paragraph of the amended complaint that appellee is a foreign corporation. There is nothing therefore in the complaint showing that ap-

3. pellant is entitled to the benefit of §4803, *supra*. It is well settled that, to entitle appellant to the benefit of said section she must allege and prove facts which will bring the certificate sued on within its provisions. *Weir* v. *State, ex rel.* (1903), 161 Ind. 435, 438, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 96, 102 Am. St. 185, and cases cited.

A stipulation limiting the time within which an action may be brought on an insurance policy or certificate, being for the benefit of the company, may be waived by it.

4. 4 Cooley, Briefs on Ins., 3989-4000; 2 Bacon, Benefit Soc. (3d ed.), §445; *Grant* v. *Lexington, etc., Ins. Co.* (1854), 5 Ind. 23, 61 Am. Dec. 74; *Thompson* v. *Phenix Ins. Co.* (1890), 136 U. S. 287, 297-299, 10 Sup. Ct. 1019, 34 L. Ed. 408; *Lynchburg Cotton Mill Co.* v. *Travelers Ins. Co.* (1906), 149 Fed. 954, 79 C. C. A. 464, 9 L. R. A. (N. S.) 654, and note.

Appellant claims that, if said clause limiting the time within which suit must be brought on said certificate is valid, the allegations of the first paragraph are sufficient to

5. prevent appellee from taking advantage thereof. It is not necessary for us to determine this question, because said paragraph is insufficient for other reasons.

It appears from said first paragraph that the certificate

was issued in consideration of the premium paid and the payment of $1.05 each month during the life of John C. Caywood; that the monthly assessment of $1.05 for August, 1902, was not paid, and on the 30th of said month appellee forfeited said certificate by the nonpayment of said assessment. Appellant attempts to avoid the effect of the failure to pay said August assessment of $1.05, and said forfeiture of the certificate on that account, for the reason that during the month of August appellee owed said Caywood, for services rendered by him for appellee, "the sum of $2, which sum the defendant had the right to apply on the payment of the August assessment of $1.05, and should have applied on the August assessment levied on said policy, but wholly failed to do so; that said defendant refused to apply said sum of $2 on said payment, and on August 30, 1902, forfeited said policy and still retained, and has ever since retained, said $2; that the September assessment of $1.05 was tendered to said defendant and was refused by it, and said amount was paid into court for the benefit and use of defendant."

It has been held that a life insurance policy cannot be forfeited for the nonpayment of a premium or assessment when the company has in its possession dividends, declared under said policy, sufficient to pay the same, which it has the right to apply to such payment. *Franklin Life Ins. Co.* v. *Wallace* (1884), 93 Ind. 7; *Girard Life Ins., etc., Co.* v. *Mutual Life Ins. Co.* (1881), 97 Pa. St. 15; *Mutual Life Ins. Co.* v. *Girard Life Ins., etc., Co.* (1882), 100 Pa. St. 172; 3 Cooley, Briefs on Ins., 2324, 2325.

The mere allegation that appellee, during the month of August owed said Caywood $2 for services rendered by him for appellee, did not show any right or duty on the part of appellee to apply the same or any part thereof to the payment of said August assessment. *Willcuts* v. *Northwestern, etc., Ins. Co.* (1882), 81 Ind. 300; *Butler* v. *American, etc., Life Ins. Co.* (1877), 42 N. Y. Super. Ct.

342; *Pister* v. *Keystone Mut. Benefit Assn.* (1896), 3 Pa. Super. Ct. 50, 57-59; *Smith* v. *Penn Mut. Life Ins. Co.* (1882), 11 Weekly Notes of Cas. (Pa.) 295; 21 Am. and Eng. Ency. Law (2d ed.), 291; 3 Cooley, Briefs on Ins., 2324, 2325. See, also, *Leffingwell* v. *Grand Lodge, etc.* (1892), 86 Iowa 279, 53 N. W. 243; *Petrie* v. *Mutual Benefit Life Ins. Co.* (1904), 92 Minn. 489, 100 N. W. 236; *Irvin* v. *Rushville, etc., Tel. Co.* (1903), 161 Ind. 524, and cases cited. It is said in 21 Am. and Eng. Ency. Law (2d ed.), 291: "Where the insured is in the employ of the company the fact that there were wages due him at the time of his default in the payment of an assessment, sufficient to pay the assessment, will not prevent a forfeiture for nonpayment, as the company is under no duty to apply such wages to the payment of the assessment." And this was the theory of said paragraph, for it averred that "the defendant had the right to apply said $2 on the payment of the August assessment of $1.05, and should have applied it," and "that the defendant refused to apply said sum of $2 on said payment."

It is not sufficient, however, to allege that it was the right or duty of the appellee to apply said $2, or any part thereof, to the payment of the August assessment, the same being the mere conclusion of the pleader, but the facts from which such right or duty arises must be clearly and positively alleged. *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 681; *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, and cases cited; *Chicago, etc., R. Co.* v. *McCandish* (1907), 167 Ind. 648, 651-653, and cases cited; *City of Buffalo* v. *Holloway* (1852), 7 N. Y. 493, 57 Am. Dec. 550, 552 and note page 554; *Wabash R. Co.* v. *Hassett* (1908), 170 Ind. 370, and authorities cited; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 621; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, 251, 252, and cases cited.

"That said defendant refused to apply said sum of $2 on

said payment,'' involves the assumption that appellee had been directed, requested or otherwise empowered by said Caywood or his authorized agent to apply said $2 in payment of said August assessment, a fact which was not alleged in said paragraph, and without which it was insufficient. *Lake Erie, etc., R. Co.* v. *McFall* (1905), 165 Ind. 574, 581; *Aiken* v. *City of Columbus* (1906), 167 Ind. 139, 150; *Malott* v. *Sample* (1905), 164 Ind. 645, 647-652, and cases cited; *Riley* v. *State* (1907), 168 Ind. 657, 660; Bliss, Code Pl. (3d ed.), §318.

10. It is well settled that a demurrer admits only such facts as are sufficiently pleaded.

Moreover the benefit certificate sued on calls for the ''protector and secretary of Gage Lodge No. 1663'' to countersign said ''certificate and impress the seal'' of said subordinate lodge, ''hereto rendering the same valid and in full force.'' Said benefit certificate appears to have been impressed with the seal of said subordinate lodge, but it was not countersigned by the protector and secretary of said subordinate lodge. It cannot be said, therefore, to have been completely executed according to its own provisions. It has been held that an insurance policy is not executed by attaching the insurer's corporate seal, when the names of the president and secretary, called for by the attestation clause, are not signed thereto, nor when the same is not countersigned as required by its provisions. *Peoria, etc., Ins. Co.* v. *Walser* (1864), 22 Ind. 73; *Globe, etc., Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203, and cases cited; *Badger* v. *American, etc., Life Ins. Co.* (1869), 103 Mass. 244, 4 Am. Rep. 547; *McCully's Adm.* v. *Phoenix Mut. Life Ins. Co.* (1881), 18 W. Va. 782; *Prall* v. *Mutual, etc., Assur. Soc.* (1874), 5 Daly (N. Y) 298; Kerr, Insurance, pp. 85, 86.

It may be the requirement, that the same be countersigned by some person or persons named, may be waived by the

company, but there can be no such presumption from 12. the mere possession thereof, when it has not · been countersigned in the manner required.

There are no facts alleged in the amended complaint showing that said requirement has in any way been waived by appellee. It follows that the court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.