## METROPOLITAN CASUALTY INSURANCE CO. *v.* BROWNELL, RECEIVER.

No. 20. Argued October 15, 1934.—Decided March 18, 1935.

*Mr. Alan W. Boyd,* with whom *Mr. James W. Noel* was on the brief, for petitioner.

*Mr. Sidney S. Miller,* with whom *Mr. Samuel D. Miller* was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on writ of certiorari, 292 U. S. 620, to review a judgment of the Court of Appeals for the Seventh Circuit, upholding an Indiana statute challenged as unconstitutional. § 9139, Burns Anno. Stat. 1926; Indiana Acts, 1865, c. 15, § 6; § 39-1713, Burns Anno. Stat. 1933.

Respondent's predecessor in interest brought suit in the district court for southern Indiana to recover upon an indemnity bond executed by petitioner. The petitioner set up by answer and demurrer that it is a corporation organized under the laws of New York, carrying on in Indiana the business of writing casualty insurance contracts and surety bonds; that the claim for which suit was brought was presented to petitioner more than fifteen months before the suit was begun; that the indemnity bond contained a stipulation that no proceedings upon a claim upon the bond should be brought more than fifteen months after the date of the presentation of the claim; and that the Indiana statute, § 9139, declaring such provision invalid, is void because a denial of the equal protection of the laws guaranteed by the Fourteenth Amend-

ment. The district court gave judgment on the pleadings for respondent which the Court of Appeals affirmed. 68 F. (2d) 481.

The statute, construed by the Supreme Court of Indiana in *Caywood* v. *Supreme Lodge,* 171 Ind. 410; 86 N. E. 482, as applicable only to insurance corporations organized in states other than Indiana, forbids them to insert in their policies certain specified conditions, not now material, and enacts that " any provision or condition contrary to the provisions of this section, or any condition in said policy inserted to avoid the provisions of this section, shall be void, and no condition or agreement not to sue for a period of less than three years shall be valid." There is no similar legislation applicable to domestic insurance companies carrying on the same class of business as petitioner. They are free to insert reasonable stipulations in their policies for a short period of limitation, cf. *Caywood* v. *Supreme Lodge, supra.* The statutory period of limitation for suits to recover money on indemnity policies is ten years. § 2-602, Burns Anno. Stat. 1933; cf. *Fidelity & Casualty Co.* v. *Jasper Furniture Co.,* 186 Ind. 566; 117 N. E. 258.

We may assume that the petitioner, by entering the State of Indiana and carrying on business there, is not barred from asserting that its legislation conflicts with the Federal Constitution, *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490, 497, and we pass directly to the single question presented, whether the prohibition applied here to a foreign casualty insurance company infringes the Fourteenth Amendment because it is not likewise applied to domestic companies. Petitioner does not assail the prohibition as not within the scope of the legislative power or as itself so arbitrary or unreasonable as to be a denial of due process. It is not argued, nor could it be on the record before us, that the restriction would be unconstitutional if applied equally to both classes of corporations. Discrimination alone is the target of the attack.

The equal protection clause does not prohibit legislative classification and the imposition of statutory restraints on one class which are not imposed on another. But this Court has said that not every legislative discrimination between foreign and domestic corporations is permissible merely because they differ, and that with respect to some subjects of legislation the differences between them may afford no reasonable basis for the imposition of a statutory restriction upon foreign corporations, not applied to domestic corporations. The ultimate test of validity is not whether foreign corporations differ from domestic, but whether the differences between them are pertinent to the subject with respect to which the classification is made. *Power Mfg. Co.* v. *Saunders, supra,* 494. If those differences have any rational relationship to the legislative command, the discrimination is not forbidden. *Bond & Goodwin & Tucker, Inc.* v. *Superior Court,* 289 U. S. 361, 366; *National Union Fire Ins. Co.* v. *Wanberg,* 260 U. S. 71, 75. See *Clarke* v. *Deckebach,* 274 U. S. 392, 396.

Here the classification relates to the legislative command that insurance companies shall not by agreement limit the period within which suit may be brought on their contracts to less than three years. The record, briefs and arguments before us are silent as to legislation or other local conditions in Indiana bearing on the question whether there may be differences, in the circumstances attending suits brought against local companies and those brought against foreign companies, such as to justify a difference in the applicable periods of limitation. It is not argued that a reasonable time for bringing a suit against domestic insurance companies of Indiana may not, in some circumstances at least, differ from that for suing foreign corporations. We are not told whether, in 1865 when the challenged statute was enacted, or since, differences in the legislative schemes of the state affecting the two classes of casualty insurance companies, foreign and

domestic, or differences in their business practices within the state, have or have not made more difficult and time-consuming the collection of claims and the preparations for litigation against foreign insurance companies than against domestic companies. But we are asked to say *a priori* that, in the circumstances attending the two classes of suits, there can be no differences pertinent to the legislative command; that there can be no reasonable basis for the legislative judgment that a different period of limitation should be applied to the one than to the other.

It is a salutary principle of judicial decision, long emphasized and followed by this Court, that the burden of establishing the unconstitutionality of a statute rests on him who assails it, and that courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators.[1] A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it. *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 357; *Tax Commissioners* v. *Jackson*, 283 U. S. 527, 537.

---

[1] *Erb* v. *Morasch*, 177 U. S. 584, 586; *Stebbins* v. *Riley*, 268 U. S. 137, 143; *Middleton* v. *Texas Power & Light Co.*, 249 U. S. 152, 158; *Swiss Oil Corp.* v. *Shanks*, 273 U. S. 407, 413, 414; *Fort Smith Light & Traction Co.* v. *Board of Improvement*, 274 U. S. 387, 391, 392; *Clarke* v. *Deckebach*, 274 U. S. 392; *Silver* v. *Silver*, 280 U. S. 117, 123; *O'Gorman & Young, Inc.* v. *Hartford Fire Ins. Co.*, 282 U. S. 251, 257, 258; *Railway Express Agency* v. *Virginia*, 282 U. S. 440, 444; *Tax Commissioners* v. *Jackson*, 283 U. S. 527, 537-541; *Insurance Co.* v. *Glidden Co.*, 284 U. S. 151, 158; *Boston & Maine R. R.* v. *Armburg*, 285 U. S. 234, 240; *Lawrence* v. *State Tax Comm'n.*, 286 U. S. 276, 283; *Concordia Fire Insurance Co.* v. *Illinois*, 292 U. S. 535, 547, 548,

The statutes of Indiana disclose a legislative scheme applicable to domestic casualty insurance companies differing radically from that applied to foreign corporations, and in some respects more exacting. Compare chapter 17 of Title 39, Burns Anno. Stat. 1933, with other chapters of that title. A pertinent difference which may be noted relates to the maintenance of a fund with a public officer for the protection of policyholders. Domestic companies are required to maintain with the state commissioner of insurance a guaranty fund in cash or approved securities, Burns Anno. Stat. 1933, §§ 39–1101, 39–1105, to be augmented by the addition of five per cent. of all dividends paid, § 39–118. These provisions appear not to be extended to foreign companies, but they, like foreign corporations writing surety bonds, are permitted to maintain a guaranty fund of a different type with an officer of the state of incorporation. §§ 39–1703, 25–1401, 25–1402, 25–1301, 25–1304, Burns Anno. Stat. 1933.

There is no showing that the situation of foreign corporations, writing casualty insurance contracts in Indiana, is so similar to that of domestic corporations as to preclude any rational distinction between them as regards the time required for negotiating settlements of claims and the determination whether suits upon them should be prosecuted within or without the state. Where the record is silent, we cannot presume to declare that there is such similarity, or to say that a state is prohibited from making any distinction in the length of time within which suit must be brought. It is not beyond the range of probability that foreign casualty companies, as distinguished from domestic companies, generally keep their funds and maintain their business offices, and their agencies for the settlement of claims, outside the state. For aught that appears such is the actual situation. See *Concordia Fire Ins. Co.* v. *Illinois*, 292 U. S. 535, 548. We cannot say that

these considerations may not have moved the legislature to insist that a longer time should be given for bringing suit against foreign companies than the latter. It was competent for the legislature to determine whether such differences exist, and upon the basis of those differences, and in the exercise of a legislative judgment, to make choice of the method of guarding against the evil aimed at. *Standard Oil Co.* v. *Marysville,* 279 U. S. 582, 584; *Insurance Co.* v. *Glidden Co.,* 284 U. S. 151, 158, 159. It could likewise decide whether the differences are general enough, as respects foreign companies, to call upon it in the exercise of legislative judgment, not shown to be irrational, to say whether the legislative prohibition should be applied to them as a class rather than to members of it selected by more empirical methods. *Clarke* v. *Deckebach, supra,* 397; *Westfall* v. *United States,* 274 U. S. 256, 259; *Silver* v. *Silver,* 280 U. S. 117, 123.

For reasons already stated the question presented here is not affected by the fact that the Indiana legislature has pursued a different policy with respect to life insurance companies by extending, in 1909, to both domestic and foreign life insurance companies the prohibition applied here. § 39–802, Burns Anno. Stat. 1933. Discriminations between life and casualty insurance companies are not forbidden and cannot be assumed to be irrational. Considerations which may have led to the equality of treatment of foreign and domestic life insurance companies are not disclosed. Whatever they may have been, we cannot assume that they are equally applicable to casualty companies.

*Affirmed.*

MR. JUSTICE VAN DEVANTER, MR. JUSTICE McREYNOLDS, MR. JUSTICE SUTHERLAND and MR. JUSTICE BUTLER dissent, because they are of opinion that the principles stated and applied in *Power Manufacturing Co.* v. *Saunders,* 274 U. S. 490; *Kentucky Finance Corp.* v. *Paramount*

*Auto Exchange Corp.*, 262 U. S. 544; *Hanover Fire Ins. Co.* v. *Harding*, 272 U. S. 494; and *Guinn* v. *United States*, 238 U. S. 347, 363, require that the Indiana statute in question, as construed and applied in this case, be held void as contravening the equal protection clause of the Fourteenth Amendment, and that the judgment under review be reversed accordingly.